PEOPLE v WRIGHT

Docket No. 77-2166. Submitted May 3, 1978, at Lansing.—Decided June 20, 1978.

Lawrence H. Wright was convicted, on his plea of guilty, of criminal sexual conduct in the first degree and was sentenced to a prison term of 10 to 30 years, Washtenaw Circuit Court, Patrick J. Conlin, J. Defendant appeals alleging that the trial court erred in failing to inform him of the minimum sentence that could be imposed for the crime charged. *Held:*

There was no duty to inform the defendant of the minimum sentence because the crime charged carried no mandatory minimum.

Affirmed.

N. J. KAUFMAN, J., concurred. He would agree that the trial court was under no duty to inform the defendant but believes that the better practice would be to explain to a defendant prior to accepting his plea that while the crime charged does permit probation to be imposed, if probation is not granted, the minimum sentence will be a term of years of imprisonment.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—SENTENCES—MINIMUM SENTENCE —DUTY TO INFORM.

A trial court is under no duty to inform a defendant, prior to accepting the defendant's plea of guilty, of the minimum sentence that can be imposed for a crime charged where the crime charged carries no mandatory minimum sentence.

CONCURRENCE BY N. J. KAUFMAN, J.

2. CRIMINAL LAW—PLEA OF GUILTY—SENTENCES—MINIMUM SENTENCE —PROBATION—ADVISING DEFENDANT.

*Prior to accepting a defendant's plea of guilty to a charged crime which has no mandatory minimum sentence, the trial court*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 487.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*should explain to the defendant that if probation is not imposed the minimum sentence would be a term of years imprisonment.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *James S. Sexsmith,* Senior Assistant Prosecuting Attorney, for the people.

*Fulton B. Eaglin,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

J. H. GILLIS, P. J. On September 20, 1976, defendant pled guilty to criminal sexual conduct in the first degree, contrary to MCL 750.520b; MSA 28.788(2), in Washtenaw County Circuit Court. He was subsequently sentenced to a prison term of 10 to 30 years and now appeals as of right.

Defendant contends that the trial court erred in failing to inform him of the minimum sentence that can be imposed for the crime charged in the instant matter.

GCR 1963, 785.7 provides in part.

"A defendant may plead guilty or nolo contendere only with the court's consent. Prior to accepting the plea, the court shall personally carry out subrules 785.7(1)–(4).

"(1) Speaking directly to the defendant, the court shall tell him;

\*    \*    \*

"(d) *the mandatory minimum prison sentence, if any,* for the offense." (Emphasis supplied.)

The crime charged in the instant case, criminal sexual conduct in the first degree, carries no mandatory minimum sentence.

"In all prosecutions for crimes or misdemeanors, except murder, treason, and robbery while armed, where the defendant has been guilty upon verdict or plea, and where it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer". MCL 771.1; MSA 28.1131.

Accordingly, the trial judge was under no duty to advise defendant of any minimum sentence. See *People v McKnight*, 72 Mich App 282; 249 NW2d 392 (1976), *lv den*, 399 Mich 848 (1977), and *Guilty Plea Cases*, 395 Mich 96; 235 NW2d 132 (1975).

Affirmed.

D. E. HOLBROOK, J., concurred.

N. J. KAUFMAN, J. *(concurring)*. I concur separately because I wish to note that while the crime charged does permit probation to be imposed, if probation is not granted, the minimum sentence would be a term of years imprisonment.

I believe the better practice would be to explain the foregoing to a defendant prior to accepting a guilty plea. I believe that would comport with the intent and spirit of GCR 1963, 785.7.