## PEOPLE v McKNIGHT

1. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—SENTENCE.

There is no necessity to advise a criminal defendant of any minimum sentence before accepting a plea of guilty to an offense punishable by imprisonment for life or any term of years.

2. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCE OF PLEA—SENTENCE.

No prejudice results where a criminal defendant is advised that he can receive up to life in prison as a consequence of his plea of guilty to an offense punishable by imprisonment for life or any term of years and where understanding this he nevertheless decides to enter the plea.

Appeal from Oakland, John N. O'Brien, J. Submitted October 12, 1976, at Lansing. (Docket No. 28349.) Decided November 9, 1976. Leave to appeal denied, 399 Mich 848.

John W. McKnight was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*Gromek & Bendure,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Before: D. F. Walsh, P. J., and Allen and L. W. Corkin,* JJ.

Per Curiam. Defendant entered a plea of guilty to a charge of armed robbery. The armed robbery statute, MCLA 750.529; MSA 28.797, provides that the offense is "punishable by imprisonment in the state prison for life or for any term of years". Defendant contends that the quoted language establishes a mandatory minimum sentence of two years in prison and that the trial judge erred reversibly when he advised the defendant that the minimum sentence would be one year in prison. We disagree.

While we acknowledge that the early case of *People v Burridge,* 99 Mich 343; 58 NW 319 (1894), supports defendant's interpretation of the words "any term of years", it seems apparent that that interpretation was rejected in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

In *People v Hord,* the Supreme Court upheld a plea of guilty of armed robbery in a case in which the trial jduge advised the defendant the "he subjected himself to a possible sentence of 'up to life' but did not advise him that he could not be placed on probation". *Guilty Plea Cases, supra,* at 118.

In this case the court expressly stated that failure to advise a defendant of any mandatory minimum sentence was reversible error.[1] Hord was not advised that the offense of armed robbery

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Discussing *Hord* the Supreme Court said:

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee.

"The rule reflects the extent to which this court is willing to impose on the judge the obligation of informing the defendant of such

carried any mandatory minimum sentence. Nevertheless, his plea-based conviction was affirmed. We must infer from this that there is no necessity to advise a defendant of any minimum sentence before accepting a plea of guilty to an offense punishable by imprisonment for life or "any term of years".

The defendant was advised that he could receive up to life in prison as a consequence of his plea of guilty. Understanding that he nevertheless decided to enter the plea. He was sentenced to 7 to 20 years. No prejudice resulted to the defendant. We find no reversible error.

Affirmed.

---

consequences. A failure to impart the information so required by this subsection (b) *will continue to reqiure reversal." Guilty Plea Cases, supra,* at 118. (Emphasis supplied.)