PEOPLE v FREEMAN

OPINION OF THE COURT

1. ROBBERY—ARMED ROBBERY—PLEA OF GUILTY—MINIMUM SENTENCE —STATUTES—COURT RULES.

There is no mandatory minimum sentence for armed robbery; therefore, a court at a guilty plea proceeding need not advise a defendant of a mandatory minimum prison sentence for armed robbery (MCLA 750.529; MSA 28.797, GCR 1963, 785.7[1][d]).

2. ROBBERY—ARMED ROBBERY—PROBATION—PLEA OF GUILTY—COURT RULES.

A court's failure at a guilty plea proceeding to advise a defendant of his ineligibility for probation after conviction of armed robbery is not reversible error where the defendant knew as a result of a sentence agreement that he was going to prison if he pleaded guilty (GCR 1963, 785.7[1][f]).

CONCURRENCE BY T. M. BURNS, P. J.

3. ROBBERY—ARMED ROBBERY—PROBATION—PLEA OF GUILTY—COURT RULES.

*A court's failure at a guilty plea proceeding to advise a defendant of his ineligibility for probation after conviction of armed robbery would have been reversible error if there had not been a sentencing agreement between the defendant, the prosecutor and the trial judge which provided that defendant would be imprisoned (GCR 1963, 785.7[1][f]).*

Appeal from Detroit Recorder's Court, Robert L. Evans, J. Submitted January 14, 1977, at Detroit. (Docket No. 28231.) Decided February 3, 1977.

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery §§ 4, 76 *et seq.*

[2, 3] 21 Am Jur 2d, Criminal Law §§ 484–489, 493, 495.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Clifford E. Freeman was convicted, on his plea of guilty, of armed robbery and attempted armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. F. CAVANAGH, JJ.

QUINN, J. Defendant was charged in three separate cases with the following crimes: two armed robberies, MCLA 750.529; MSA 28.797, and uttering and publishing a forged instrument, MCLA 750.249; MSA 28.446. Negotiations between the prosecutor, defendant and his counsel produced an agreement that defendant would plead guilty to one armed robbery charge and attempted armed robbery, in exchange for a dismissal of the uttering and publishing charge and an agreement with the prosecutor not to file habitual criminal charges against defendant. In addition, a sentencing agreement was reached between defendant's counsel, the prosecuting attorney and the trial judge.

At arraignment February 19, 1976, the plea agreement was fulfilled, and at sentencing March 3, 1976, the sentencing agreement was complied with. Defendant appeals on an issue stated as:

"The court's failure to advise defendant of the mandatory minimum prison sentence for the offense of armed robbery and his ineligibility for probation mandates reversal of defendant's guilty plea conviction."

GCR 1963, 785.7 was amended November 7, 1975, to be effective December 7, 1975. GCR 1963, 785.7(1)(d) requires the trial judge to tell the defendant:

"the mandatory minimum prison sentence, if any, for the offense".

GCR 1963, 785.7(1)(f) requires the trial judge to tell defendant:

"if the plea is to murder, armed robbery or treason, he cannot be placed on probation".

The record before us establishes that neither requirement was met. However, there is no mandatory minimum sentence for armed robbery, see MCLA 750.529; MSA 28.797.

It was error not to advise defendant of his ineligibility for probation. However, on this record it was not reversible error. As a result of the sentence agreement, defendant knew before he pleaded that he was going to prison if he pleaded guilty.

At the end of the plea proceeding, the trial judge inquired of both attorneys, "Are you satisfied I have complied with the court rule?" The attorney for defendant replied, "I'm sure you have but I've never read the court rule." If trial attorneys and trial courts took the time to read the rules, the work of this Court would be reduced.

Affirmed.

M. F. Cavanagh, J., concurred.

T. M. Burns, P. J. *(concurring)*. I agree that the trial court's failure to comply with GCR 1963, 785.7(1)(f) does not warrant reversal *in this case.*

Had there been no sentencing agreement between the defendant, prosecutor and trial judge, however, failure to impart the advice would have required reversal. *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975).