SKIDMORE v CZAPIGA

Docket No. 77-1685. Submitted February 9, 1978, at Lansing.—Decided April 18, 1978. Leave to appeal applied for.

Roseann L. Skidmore brought a paternity action charging Walter J. Czapiga with being the father of her child and seeking an order of filiation and support. The Genesee County Circuit Court, Earl E. Borradaile, J., entered an order of filiation. Defendant appeals. He claims that he was not required to have given a notice of intent to claim "alibi" as a defense. *Held:*

A defendant in a paternity action is not required to give notice of his intent to claim "alibi" as a defense in such action.

Reversed and remanded.

1. STATUTES—FELONY—DEFINITION—WORDS AND PHRASES.

The term "felony" is defined, in part, as an offense for which the offender, on conviction, may be punished by death, or by imprisonment in a state prison (MCLA 750.7; MSA 28.197).

2. STATUTES—CONSTRUCTION—OTHER STATUTES.

Statutes which refer to the same class of persons or things or share a common objective must be interpreted to be complementary and not contradictory.

3. STATUTES—ENACTMENT—AMENDMENT—LEGISLATURE'S KNOWLEDGE —PRESUMPTIONS—EXISTING STATUTES—EXISTING LAWS.

It must be presumed that the Legislature has knowledge of existing statutes and laws when it enacts or amends a statute.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 19, 20, 23.
[2] 73 Am Jur 2d, Statutes § 271 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 46, 127–141.
[4] 10 Am Jur 2d, Bastards § 93.
    21 Am Jur 2d, Criminal Law § 137.
    29 Am Jur 2d, Evidence §§ 440, 1178.
    Validity and construction of statutes requiring defendant in criminal case to disclose matter as to alibi defense. 45 ALR3d 958.
    Constitutionality, construction, and effect of statute requiring notice to prosecution of accused's intention to rely upon alibi as defense. 30 ALR2d 480.

4. BASTARDS—TRIAL—PATERNITY ACTION—NOTICE OF DEFENSE—ALIBI DEFENSE—FELONY CASES—STATUTES.

A defendant in a paternity action is not required to give notice of his intent to claim "alibi" as a defense; the statute that requires notice of alibi in a felony case does not apply to a paternity action (MCLA 768.20; MSA 28.1043).

*Robert F. Leonard,* Prosecuting Attorney, and *Paul G. Miller, Jr.,* Chief, Support Division, for the plaintiff.

*John N. Pavlis,* for defendant.

Before: N. J. KAUFMAN, P. J., and D. E. HOL-BROOK, JR. and D. F. WALSH, JJ.

D. E. HOLBROOK, JR., J. The instant appeal arises from a non-jury paternity suit following which the trial court entered an order of filiation.

During the course of trial the defendant attempted to present the testimony of three witnesses tending to establish the defense of "alibi". Following objection by the prosecutor, the trial court ruled such evidence to be inadmissible since defendant had not complied with the notice requirement of the "alibi" statute. MCLA 768.20; MSA 28.1043.

In *People v McFadden,* 347 Mich 357; 79 NW2d 869 (1956), the Supreme Court held that notice of alibi was required in bastardy proceedings. Since that decision, however, in 1974 the Legislature amended the "alibi" statute limiting the same to "felony" cases. The pertinent portion of such amended statute reads as follows:

"If a defendant in a felony case proposes to offer in his defense testimony to establish an alibi * * * the defendant shall * * * file and serve upon the prosecuting attorney a notice in writing of his intention to claim that defense * * * ."

The prior statute, the one in effect at the time of

*McFadden, supra,* applied to criminal cases not cognizable by a justice of the peace. The Court in *McFadden, supra,* found bastardy proceedings to be quasi-criminal in nature, held that such cases were not cognizable by a justice of the peace and further held that a defendant in such a proceeding, being entitled to the protection of provisions of the Code of Criminal Procedure, must comply with applicable provisions thereof that are prescribed for the benefit of the public, including notice of the defense of "alibi", and that the defendant in such proceedings must give notice of his intent to claim the defense in order to introduce evidence thereof at trial.

In MCLA 750.7; MSA 28.197, the term "felony" is defined as follows:

" * * * an offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison."

That the offender in a paternity suit cannot be so punished is not subject to question. Moreover, statutes which refer to the same class of persons or things or share a common objective must be interpreted to be complementary and not contradictory. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943). *Reichert v Peoples State Bank for Savings,* 265 Mich 668; 252 NW 484 (1934). Further, the Legislature when enacting or amending a statute must be presumed to have knowledge of existing statutes and laws.

We hold, therefore, because a finding that one is the father of an illegitimate child permits neither a penalty of death nor imprisonment in a state prison that the defendant is no longer required to give notice of his intent to claim "alibi" as a defense in a paternity action.

Reversed and remanded for a new trial.