## PEOPLE v SECREST

Docket No. 50993. Submitted August 20, 1980, at Detroit.—Decided October 8, 1980. Leave to appeal applied for.

Ronald Secrest was convicted of first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. Defendant moved for a new trial, which motion was granted, Recorder's Court of Detroit, George W. Crockett, III, J. The prosecution's motion for reconsideration was denied. The prosecution appeals. *Held:*

Police executed a valid search warrant, seizing items listed thereon. In addition, two photographs of defendant which police had probable cause to believe would aid in defendant's apprehension were discovered in plain view and properly seized. Thus, the trial court erred in granting defendant's motion for a new trial on the grounds that admission of the photographs into evidence violated defendant's rights against unreasonable searches and seizures.

Reversed and remanded for sentencing.

1. SEARCHES AND SEIZURES — EVIDENCE SEIZED — SEARCH WARRANTS — INDEPENDENT JUSTIFICATION FOR SEIZURE.

Police may seize evidence not specified in a search warrant where there is some independent justification for such seizure.

2. SEARCHES AND SEIZURES — ITEMS NOT SPECIFIED IN SEARCH WARRANT — CONSTITUTIONAL LAW.

The Fourth Amendment does not prohibit law enforcement agents from seizing items not specified in a search warrant, the possession of which is a crime, where entry onto the premises where the items are located is valid.

3. APPEAL — INVIABLE PRECEDENTS — COURTS.

The Court of Appeals need not adhere to precedents which it believes the Supreme Court would no longer consider viable.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Searches and Seizures § 113.
[3] 20 Am Jur 2d, Courts §§ 186, 187.
[4] 68 Am Jur 2d, Searches and Seizures § 23.

4. SEARCHES AND SEIZURES — PLAIN VIEW — PROBABLE CAUSE.
  Evidence discovered in plain view while executing a valid search
  warrant for other items and which police have probable cause
  to believe would aid in a particular apprehension or conviction
  may be properly seized even though it has no connection with
  the crime originally under investigation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for defendant.

Before: J. H. GILLIS, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree murder contrary to MCL 750.316; MSA 28.548, assault with intent to commit murder contrary to MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony contrary to MCL 750.227b; MSA 28.424(2). Thereafter, defense counsel moved for a new trial on the theory that the seizure of two photographs of defendant which were admitted into evidence at trial was in violation of defendant's constitutional rights. The motion was granted. The trial court denied the prosecution's motion for reconsideration. From this denial, the prosecution now appeals.

A brief summary of the facts which led to the seizure of the two photographs in issue is here appropriate. A search warrant was issued authorizing the search of what was reputably defendant's residence. The warrant authorized the seizure of all .38-caliber handguns and ammunition.

The warrant was executed, and various seized items were listed on the search warrant return. However, two photographs of the defendant which had been seized were not listed on the return.

As stated, the issue on appeal is whether the two photographs of defendant were seized in violation of his constitutional rights.

According to appellant, the trial court improperly relied on *Marron v United States,* 275 US 192; 48 S Ct 74; 72 L Ed 231 (1927), and *People v Preuss,* 225 Mich 115; 195 NW 684 (1923), in reaching its conclusion that a new trial should be granted. In *Marron,* the United States Supreme Court affirmed defendant's conviction. During the execution of a warrant for "intoxicating liquors and articles for their manufacture", prohibition agents uncovered a ledger showing expenses and receipts from the bootlegging operation. The Court held that the ledger's seizure could not be justified on the basis of the warrant. However, the Court ruled that the seizure was valid as it came incident to the lawful arrest of the individual running the operation. Thus, *Marron* stands for the proposition that the police may seize evidence not specified in the warrant if there is some independent justification for such seizure. *Marron,* therefore, merely presents a general rule of law and is not by itself controlling. Other decisions must first be examined to discover if any independent justification for the seizure existed.

In *Preuss, supra,* the Michigan Supreme Court held that a warrant directing the search of premises for stolen beans could not justify the seizure of moonshine whiskey found during the course of the search.

The prosecution contends that *Preuss* is no longer good law. While noting that *Preuss* has

never been explicitly overruled, this Court is inclined to agree.

In *Harris v United States,* 331 US 145; 67 S Ct 1098; 91 L Ed 1399 (1947), the United States Supreme Court held that if entry onto the premises is valid, nothing in the Fourth Amendment prohibits enforcement agents from seizing items, the possession of which is a crime. The Michigan Supreme Court has on four occasions cited *Harris: People v Taylor,* 341 Mich 570, 578; 67 NW2d 698 (1954), *People v Gonzales,* 356 Mich 247, 254; 97 NW2d 16 (1959), *People v Ritholz,* 359 Mich 539, 551-552; 103 NW2d 481 (1960), *People v White,* 392 Mich 404, 411 fn 3; 221 NW2d 357 (1974). This Court, in *People v Franks,* 54 Mich App 729, 737; 221 NW2d 441 (1974), citing *Harris,* upheld the seizure of marijuana which was discovered during the execution of a warrant specifying other items to be seized. *Franks* does not cite *Preuss,* but its holding is contrary to that opinion.

This Court is normally bound by Michigan Supreme Court decisions. It has been held, however, that this Court need not adhere to precedents which it believes the Supreme Court would no longer consider viable. See *State, ex rel Director of the Michigan Dep't of Natural Resources v Chippewa Landing,* 82 Mich App 37, 43; 266 NW2d 658 (1978). In view of the Supreme Court's citation of *Harris* while ignoring *Preuss,* we feel confident in our belief that the proposition of *Preuss* would no longer be considered tenable law in this state.[1]

---

[1] In further support of our conclusion that *Preuss* is an anachronism, Professor Jerold H. Israel states:

"Another aspect of warrant execution treated in the Committee's proposal is the scope of the permissible seizure by an officer executing a warrant. The current Code refers only to the seizure of property 'under the warrant.' This language, combined with a prohibition era ruling [*Preuss*] stating that the officer may seize only items specified in the warrant, has caused some confusion concerning the officer's

Appellant further contends that the United States Supreme Court abolished the rule that the plain view doctrine is limited to incriminating evidence in *Warden, Maryland Penitentiary v Hayden,* 387 US 294; 87 S Ct 1642; 18 L Ed 2d 782 (1967). In *Hayden,* 306-307, the United States Supreme Court stated:

"The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband. There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior. Thus in the case of 'mere evidence', probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. In so doing, consideration of police purposes will be required. Cf. *Kremen v United States,* 353 US 346 [1 L Ed 2d 876, 77 S Ct 828]. But no such problem is presented in this case. The clothes found in the washing machine matched the description of those worn by the robber and the police therefore could reasonably believe that the items would aid in the identification of the culprit."

See also *Andresen v Maryland,* 427 US 463, 482-484; 96 S Ct 2737; 49 L Ed 2d 627 (1976).

In the instant matter, it is fair to conclude that the "mere evidence"—the photographs—would aid in the apprehension of the defendant. The prosecution states that until the time of the search, the police had no photos of defendant. The only possi-

authority to seize other evidence discovered in the reasonable course of a search under a warrant. Recent cases establish that the seizure of such items is constitutionally permissible under the 'plain view doctrine,' provided that the officer has probable cause to believe that items seized constitute evidence of a crime." Israel, *Legislative Regulation of Searches & Seizures: The Michigan Proposal,* 73 Mich Law Review 221, 276 (1974).

ble distinction between *Hayden* and this case is that in *Hayden* the "mere evidence" (clothing) was linked to the crime by a witness's description of the perpetrator's attire. However, *Hayden* does not require that the evidence have any connection to the crime at all, so long as there is probable cause to believe that it would aid in apprehension or conviction of the culprit.

Appellee claims, however, that *Coolidge v New Hampshire*, 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), still requires that the object seized in plain view have an "incriminating character". The defendant's error is in assuming that evidence of an "incriminating character" is necessarily an instrumentality or fruit of a crime or contraband. What was known as "mere evidence" before *Hayden* has an incriminating character if there is probable cause to believe that it will aid in apprehension or conviction of the culprit. *Coolidge* was not concerned with the "mere evidence" concept which probably explains why some of its language is imprecise and why it can be misread by defendant's counsel as, in effect, overruling *Hayden*. However, *Coolidge* specifically cites *Hayden* in discussing one of the types of situations in which the "plain view" doctrine has been held to apply. 403 US 443, 465.

It is this Court's conclusion that the two photographs claimed to be unlawfully seized were taken under lawful constitutional authority. The police discovered the photographs in plain view while executing a valid search warrant for other items. Since there was probable cause to believe that the photographs would aid in the apprehension of defendant, they were properly seized.

Reversed and remanded for sentencing.