PEOPLE v MERIWEATHER

Docket No. 51569. Submitted January 7, 1981, at Grand Rapids.—
Decided September 10, 1981.

John C. Meriweather was convicted, on his plea of guilty, of
armed robbery and felony-firearm in the Kent Circuit Court,
John T. Letts, J. Defendant appealed, alleging that the court's
failure to inform him before accepting his plea that he could
not be placed on probation if his plea was accepted was error.
*Held:*

While defendant was not specifically told he would not be
eligible for probation, he knew that he would not be placed on
probation if he pled guilty. Under the circumstances, the
omission was not error.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A trial court does not err in failing to inform a defendant that he
cannot receive probation prior to accepting a plea of guilty to a
crime for which probation is not authorized where the defen-
dant knows prior to entering the plea that he will not be placed
on probation (GCR 1963, 785.7[1][f]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Carol S. Irons,* Chief
Appellate Attorney, for the people.

*George S. Buth,* for defendant.

Before: ALLEN, P.J., and J. H. GILLIS and D. F.
WALSH, JJ.

ALLEN, P.J. Defendant was charged with and
convicted, on his plea of guilty, of armed robbery,

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law § 477.

MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to 8 to 20 years in prison on the armed robbery charge and two years on the felony-firearm charge. He appeals as of right.

Defendant's sole contention on appeal is that reversible error occurred at the plea proceeding because the trial court failed to advise defendant that he could not be sentenced to probation if his plea to armed robbery was accepted. See GCR 1963, 785.7(1)(f). This advice was not given to defendant until the sentencing judge stated as follows:

"On the—I might indicate to you it's impossible to give you probation on a case where armed robbery is concerned. I'm sure the person who took this plea advised you of that."

However, at the plea taking, the trial court told the defendant that the maximum sentence for armed robbery was life imprisonment and that he must serve the mandatory two-year felony-firearm sentence "before starting to serve on the life sentence". Thus, before entering his plea, defendant knew he *would not* receive probation even though he was not informed that he *could not* be placed on probation. The question raised is whether this advice sufficiently complied with the explicit mandate of GCR 785.7(1)(f) that where a plea is to armed robbery, defendant shall be told "he cannot be placed on probation".

In *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), the Supreme Court held:

"Noncompliance with a requirement of Rule 785.7 may but does not necessarily require reversal.

"Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance."

In at least three cases, the Court of Appeals has affirmed plea-based convictions in which the defendant was not told that he could not be placed on probation. In *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977), this Court held the defect harmless where "[a]s a result of the sentence agreement, defendant knew before he pleaded that he was going to prison if he pleaded guilty". In *People v Lendzian,* 80 Mich App 323, 325; 263 NW2d 360 (1977), we found the omission harmless where defendant had been informed that armed robbery was "punishable by imprisonment in a state prison for life or for any term of years" and affirmatively stated his understanding of possible punishment. In *People v Earl Jones,* 94 Mich App 232, 236; 288 NW2d 385 (1979), defendant pled guilty to second-degree murder after being told that the offense carried a maximum sentence of life imprisonment but not being informed that the court could not grant probation. Noting that defendant was in violation of his parole, was charged with a serious crime, and was obviously familiar with the criminal justice system, our Court found the omission harmless because "[d]efendant had no expectation of being placed on probation". Obviously, in the case before us, defendant knew he was going to prison if he pleaded guilty and had no expectation of being placed on probation.

We find only one case wherein the court's failure to advise the defendant that he could not be placed on probation was reversible error. *People v Thalacker,* 99 Mich App 372; 297 NW2d 670

(1980). Defendant therein pled guilty to armed robbery and was sentenced to 8 to 13 years imprisonment. He was told that the maximum sentence was life but was not advised that he could not be placed on probation and the record was silent as to whether defendant knew he would serve time in jail if he pleaded guilty. After concluding that both *Lendzian* and *Earl Jones* were "wrongly decided", the *Thalacker* majority concluded that the "clear import" of the court rule is "that a defendant must be told that he will serve some time in prison if he chooses to enter a plea". *Id.,* 375. We do not agree that *Lendzian* and *Earl Jones* were wrongly decided, but, assuming *arguendo* such to be the case, even under *Thalacker* no error occurred, since the record in the case before us affirmatively shows defendant knew he would serve at least two years in prison if he entered his plea.

The instant appeal was heard by this Court in January, 1981. On February 23, 1981, the Supreme Court issued an opinion in *People v Abraham Jones,* 410 Mich 407; 301 NW2d 822 (1981). Because the factual situation therein has certain similarities to the instant case, and because the Supreme Court found error, the question arises whether the Supreme Court, *sub silento,* overruled *Freeman, Lendzian* and *Earl Jones.* In that case the defendant, Abraham Jones,[1] was advised by the trial court that if he pled guilty to armed robbery, the court would impose a sentence of "no more than 10 to 15 years", but after receiving a presentence report might impose a lesser sentence. He was not told that the maximum possible sentence was life imprisonment, nor was he told that he could not be placed on probation. Because of

---

[1] Not to be confused with *Earl Jones, supra.*

the two omissions, defendant asked the Court of Appeals to set the plea aside. The prosecutor moved to affirm which was granted by the Court of Appeals, and defendant filed a request for review by the Supreme Court.

Upon review, the Supreme Court held:

"The judges in these cases
"—did not tell Abraham Jones that the maximum sentence for armed robbery is life imprisonment; and

\* \* \*

"We once again advise the bench and bar that there must be strict compliance with Rule 785.7(1), *subds (b) and (d)*. Consequently, in lieu of granting leave to appeal, we affirm the judgments of the Court of Appeals in the Grants' appeals, reverse the judgments of the Court of Appeals in Jones' \* \* \*." *People v Abraham Jones, supra,* 412. (Emphasis supplied.)

In *Guilty Plea Cases, supra,* the Supreme Court held that the rule does "not require the judge to inform the defendant of all sentence consequences —only the maximum sentence, any mandatory minimum, and as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee". *Id.,* 118. We do not interpret *Abraham Jones* as doing any more than repeating the mandatory requirements laid down in *Guilty Plea Cases.* Though defense counsel claimed error on the dual grounds that the trial court did not inform defendant of the maximum sentence *and* did not inform defendant he could not be placed on probation, the holding of the Court was limited to failure to strictly comply with subdivisions (b) and (d) of Rule 785.7(1).

Failure to inform the defendant that where a plea is to armed robbery he cannot be placed on probation is a subdivision (f) violation. Accord-

ingly, we hold that the decision in *Abraham Jones* does not extend the limited mandates of *Guilty Plea Cases* to require reversal whenever the court fails to inform defendant that he cannot be placed on probation. To hold otherwise would return to the rule of strict adherence laid down in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974). That rule was rejected in *Guilty Plea Cases* except for situations where *Jaworski*[2] rights were involved and where defendant was not informed of the maximum sentence, any mandatory minimum sentence, and any possible effect on his status as a probationer or parolee. In the instant case, defendant was informed of the maximum sentence, there was no mandatory minimum, and defendant was not on probation or parole.

Affirmed.

---

[2] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).