PEOPLE v BLYTHE

Docket No. 53508. Submitted September 14, 1981, at Detroit.—Decided November 17, 1981. Leave to appeal applied for.

Shelby A. Blythe was convicted, on his plea of guilty, of armed robbery in St. Clair Circuit Court, Halford I. Streeter, J. Defendant appeals, alleging that he was not properly advised of the mandatory minimum sentence and that a confession given to police was physically coerced and that he was denied effective assistance of counsel by counsel's failure to file a motion to suppress the confession. *Held:*

1. The court advised the defendant that the maximum prison sentence was life or any period of years and that he could not be placed on probation. That information comported with the court rule requiring the court to inform the defendant of any mandatory minimum sentence.

2. The allegation that a confession was coerced by the police is a nonjurisdictional defect and is waived by a subsequent plea of guilty.

3. The evidence against defendant was overwhelming. Suppression of his confession would not have given him a reasonably likely chance of acquittal.

Affirmed.

1. ROBBERY — GUILTY PLEAS — ARMED ROBBERY — COURT RULES.

A trial court does not err in accepting a defendant's plea of guilty to armed robbery after advising him that he would serve "life or any period of years" and informing him that he could not be placed on probation (GCR 1963, 785.7[1][d]).

2. CRIMINAL LAW — GUILTY PLEAS — WAIVER — APPEAL.

A plea of guilty waives nonjurisdictional defects and precludes

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 476, 477, 486.
29 Am Jur 2d, Evidence § 527.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[2] Am Jur 2d, Criminal Law § 490.

the raising of the issue on appeal; an allegation that a confession was coerced by the police raises a nonjurisdictional defect issue.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

V. J. BRENNAN, P.J. Defendant appeals from his plea-based conviction of armed robbery contrary to MCL 750.529; MSA 28.797. He was subsequently sentenced to serve 7-1/2 to 30 years.

On appeal, defendant argues that his plea-based conviction for armed robbery must be reversed because he was not advised of the mandatory minimum sentence consequences of an armed robbery. GCR 1963, 785.7(1)(d) requires that the trial court must advise a defendant of "the mandatory minimum prison sentence, if any, for the offense". The statute governing sentencing for armed robbery, in turn, states that the offense is "punishable by imprisonment in the state prison for life or for any term of years". MCL 750.529; MSA 28.797.

In the instant plea proceeding, the defendant was advised of the sentencing consequences of his proffered plea to armed robbery in the following manner.

"*The Court:* Now, the maximum possible prison sentence for this offense is life or any period of years.

"*Mr. Kessel:* That's correct, your Honor.

*"The Court:* Do you understand the maximum possible imprisonment which may be imposed?

*"Defendant:* Yes, sir.

*"The Court:* If you have previously been convicted of a felony it is possible to charge you with being an habitual offender and the maximum sentence on this charge may be increased. Do you understand?

*"Defendant:* Yes, sir, your Honor.

\* \* \*

*"The Court:* Now, you cannot be placed on probation for this crime of armed robbery. Do you understand?

*"Defendant:* Yes, sir."

The court rule, GCR 1963, 785.7(1)(d), which requires that the plea-taking court must advise the defendant of the mandatory minimum prison sentence has created judicial disarray when applied to a sentencing statute which states that confinement shall be "imprisonment for life or any term of years". Our review of the case law which applies the court rule to the armed robbery statute reveals that there is no definitive decision as to whether there is a mandatory minimum sentence for armed robbery except where there is an aggravated assault which is not the case here.[1] And,

---

[1] The armed robbery statute, MCL 750.529; MSA 28.797, differentiates armed robbery from armed robbery supplemented with aggravated assault or serious injury. The statute in its entirety reads:

"Sec. 529. Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison."

The additional dimension of aggravated assault or serious injury is not at issue in the present case and, hence, the mandatory minimum two years for aggravated assault is not applicable.

further, assuming there is one, there is no consensus as to the period of time which makes for the mandatory minimum.

A survey of the decisional law dealing with this issue illustrates the following range of propositions.

(1) One group of decisions holds that there is no mandatory minimum sentence for statutes stating the offense is punishable for life or "any term of years". *People v McKnight,* 72 Mich App 282, 284; 249 NW2d 392 (1976). Thus, there is no mandatory minimum sentence for armed robbery where no aggravated assault occurred. *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977), *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979). Accordingly, the plea-taking court was under no obligation to advise the defendant of any minimum sentence when accepting a guilty plea to armed robbery. *McKnight, supra, Freeman, supra, Landis, supra.*

(2) Conversely, other decisions have held that there is a mandatory minimum sentence under statutes requiring imprisonment for any term of years. One panel of this Court rejected the contention that the armed robbery statute has no mandatory minimum sentence and reasoned that the statute and case authorities must be construed as requiring the trial court to inform the accused that he faces a mandatory minimum sentence of a year and a day (366 days) in prison. *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979). Similarly, in *People v Burridge,* 99 Mich 343; 58 NW 319 (1894), the Court held that, where a statute provides imprisonment for life or any term of years, the minimum sentence imposed must not be less than two years. Under this rationale, the trial court would be

required to advise the defendant that he would serve at least two years.

(3) And, finally, there is a line of cases which hold that the defendant is adequately advised when, as in the present case, the trial court expressly informs the accused that the punishment shall be imprisonment "for life or for any number of years" while not assigning a specific period of time to the mandatory minimum. *People v Boswell*, 95 Mich App 405, 410; 291 NW2d 57 (1980), *People v Earl Jones*, 94 Mich App 232, 236-241; 288 NW2d 385 (1979) *(dissent* of Corkin, J.), *lv den* 409 Mich 854 (1980).

In light of all the foregoing, we are unpersuaded that the trial court committed reversible error by not advising the defendant as to a mandatory minimum number of years to which he would be sentenced if he pled guilty to armed robbery. The advice given, that defendant would serve "life or any period of years", is in compliance with GCR 1963, 785.7(1)(d) under the interpretations set forth by the *McKnight, Freeman, Landis* and *Boswell* panels.

Moreover, this position is inferentially supported by the Supreme Court's disposition of *People v Hord* in *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975).

"In *Hord,* the judge informed the defendant that by pleading guilty to robbery armed he subjected himself to a possible sentence of 'up to life' but did not advise him that he could not be placed on probation. A person convicted of armed robbery is subject to a sentence of life or any term of years (MCL 750.529; MSA 28.797), and may not be placed on probation (MCL 771.1; MSA 28.1131).

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maxi-

mum sentence, *any mandatory minimum* and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee.

"The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences. *A failure to impart the information so required by this subsection* (b) will continue to require reversal." (Emphasis added.)

There was no mention that the armed robbery carried a mandatory minimum sentence of any duration. Nevertheless, the Supreme Court affirmed Hord's plea-based conviction.

Our examination of *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), does not persuade us otherwise. All three defendants, Abraham Jones, Terrence Grant and Albert Grant, pled guilty to armed robbery. While the decision clearly reiterates that there must be strict compliance with rule 785.7(1)(b) and (d), there is absolutely no mention made that the trial court erred in not informing the defendants of any mandatory minimum sentence for armed robbery. Thus, *sub silentio,* the Supreme Court rejected this notion.

Therefore, on this record we find that there was no reversible error as to the advice given by the trial court as to the sentencing consequences of a guilty plea to armed robbery.

Defendant next raises on appeal for the first time allegations that he was physically coerced by the police into giving a confession and, relatedly, that his defense counsel provided ineffective assistance by failing to file a motion to suppress the confession. Thus, defendant argues that his plea-based conviction must be set aside since he would not have pled guilty "but for" these serious defects. The issue of police coercion falls under the rubric of being a nonjurisdictional defect rather

than a jurisdictional "complete defense" defect. Nonjurisdictional defects are waived by a plea of guilty and, thus, defendant is now precluded from raising the issue of the alleged coerced confession. See *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978), *People v Catlin,* 39 Mich App 106; 197 NW2d 137 (1972).

However, it is unclear if a guilty plea waives for appellate purposes a claim of ineffective assistance of counsel. Compare *People v White,* 411 Mich 366, 391; 308 NW2d 128 (1981), with *People v Snyder,* 108 Mich App 754; 310 NW2d 868 (1981), *People v McDonnell,* 91 Mich App 458; 283 NW2d 773 (1979), *lv den* 407 Mich 938 (1979), and *People v Kyllonen,* 80 Mich App 327, 330; 263 NW2d 55 (1977). Thus, we shall consider the merits of defendant's argument that defense counsel should have attempted to have the confession suppressed. In light of the overwhelming evidence of guilt, we find that there was no realistic likelihood that "but for" this mistake defendant would have had a reasonably likely chance of acquittal. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976).

Defendant's plea-based conviction and sentence are affirmed.