PEOPLE v TAYLOR

Docket No. 56807. Submitted November 10, 1981, at Detroit.—Decided December 16, 1981.

Roger C. Taylor pled guilty to armed robbery, possession of a firearm during the commission of a felony, and, in a separate case, pled nolo contendere to probation violation, Detroit Recorder's Court, Warfield Moore, Jr., J. He appeals by leave granted. *Held:*

The trial court properly informed the defendant that the penalty for armed robbery is imprisonment for life or any term of years in compliance with the court rule which requires that a trial court inform a defendant of the mandatory minimum sentence for an offense before accepting a guilty plea. The minimum sentence for armed robbery is "any term of years".

Affirmed.

ROBBERY — GUILTY PLEAS — SENTENCING — COURT RULES.

A trial court which informs a criminal defendant prior to acceptance of his guilty plea that the penalty for conviction of armed robbery is imprisonment for life or any term of years sufficiently complies with the court rule requiring the trial court to inform the defendant of any mandatory minimum prison sentence for an offense (MCL 750.529; MSA 28.797, GCR 1963, 785.7[1][d]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

21 Am Jur 2d, Criminal Law § 476.

67 Am Jur 2d, Robbery § 78.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Norman R. Robiner,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony. MCL 750.227b; MSA 28.424(2). In a separate case, defendant pled nolo contendere to violation of probation. MCL 771.4; MSA 28.1134. Pursuant to a sentencing agreement, the court sentenced defendant to 2 years on the felony-firearm charge, followed by concurrent terms of from 8 to 15 years for the 2 armed robbery counts and from 5 to 10 years for probation violation to be served concurrently with the armed robbery sentences.

On appeal, defendant contends that the trial court failed to comply strictly with GCR 1963, 785.7(1)(d) which requires that the court inform a defendant of "the mandatory minimum prison sentence, if any, for the offense". See, *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). The sole question to be decided by this Court is whether the charge of armed robbery has a mandatory minimum sentence. Several panels of this Court have addressed the issue with varying results.

In *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1976), the defendant had pled guilty to armed robbery. The armed robbery statute provides that the offense is "punishable by imprisonment in the state prison for life or for any term of years". The *McKnight* Court, noting the Supreme Court's interpretation of *People v Burridge,* 99 Mich 343; 58 NW 319 (1894), and *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), inferred that there was no

necessity to advise a defendant of any minimum sentence before accepting a plea of guilty to an offense punishable by life imprisonment or "any term of years". *McKnight, supra,* 284.

The Court in *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977), stated "there is no mandatory minimum sentence for armed robbery, see MCL 750.529; MSA 28.797". This holding has received support and criticism from various panels of this Court. In *People v Landis,* 91 Mich App 345, 346; 283 NW2d 647 (1979), the Court followed the *Freeman* opinion. The Court in *People v Earl Jones,* 94 Mich App 232, 235; 288 NW2d 385 (1979), approvingly applied the rationale of *Freeman* to a second-degree murder conviction and concluded that there was no mandatory minimum sentence vis-à-vis the dictates of GCR 1963, 785.7 when the statutory punishment was "for life or any term of years".

Judge CORKIN[1] dissented in *Jones.* He concluded that *Freeman* was wrongly decided because it overlooked *Burridge,* where the Court held that "any term of years" must be construed as setting a minimum sentence of not less than two years. *Burridge* also was overlooked by the Supreme Court in *Guilty Plea Cases* according to Judge CORKIN. After citing and interpreting *People v Harper,*[2] 83 Mich App 390; 269 NW2d 470 (1978), Judge CORKIN concluded that:

"[A]s long as the trial court informs the accused that the possible sentence for second-degree murder, armed robbery or treason, is *imprisonment for life or for any*

[1] Judge L. W. CORKIN, former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[2] The Court in *Harper, supra,* 397, reviewed *Burridge* and the relevant statutes and then concluded that "'[a]ny term of years' means no less than one calendar year".

*term of years,* it is not necessary that the court name some period of time as a mandatory minimum sentence, particularly in view of the fact that there is no definitive statement as to what such mandatory minimum period should be.

"In this case the trial court only advised the defendant that the maximum penalty was life. This is not sufficient compliance with GCR 1963, 785.7(1)(d) under any interpretation reversal is required." (Emphasis added.) *Earl Jones, supra,* 240-241.

Having reviewed the conflicting case law, we conclude that the minimum sentence for armed robbery, vis-à-vis the requirements of GCR 1963, 785.7(1)(d), is "any term of years". The trial court in this case advised the defendant that the penalty was life or any term of years imprisonment. The court thereby informed defendant of the maximum and minimum possible sentence in conformity with GCR 1963, 785.7.

Affirmed.