## PEOPLE v WEST

Docket No. 51481. Submitted September 17, 1981, at Lansing.—Decided February 2, 1982. Leave to appeal applied for.

Clifford G. West pled guilty to armed robbery, Saginaw Circuit Court, Fred J. Borchard, J. He appeals, alleging that the trial court erred in failing to inform him of the mandatory minimum sentence prior to accepting his plea. *Held:*

M. J. KELLY, J., would hold that the phrase "any term of years" in the armed robbery statute should be interpreted as imposing a mandatory minimum sentence of a year and a day upon conviction, and that the trial court erred in failing to inform the defendant of the maximum and mandatory minimum sentence consequences prior to accepting his plea, thereby requiring reversal, notwithstanding the fact that the error was harmless and no miscarriage of justice resulted.

BRONSON, J., concurred. Additionally, he would note that the phrase "any term of years" should be construed to impose a minimum sentence of one year for certain crimes. He would hold that the court rule requiring that a defendant be informed of any mandatory minimum sentence before his guilty plea is accepted applies even though the sentence imposed could be served in a county jail rather than a state prison. He would reverse.

Reversed.

DANHOF, C.J., dissented. He would hold that there is no mandatory minimum sentence for armed robbery, and thus the

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 473, 476.

Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 616.

[2, 3] 21 Am Jur 2d, Criminal Law § 591.

[3] 21 Am Jur 2d, Criminal Law § 607.

trial court was not required to inform the defendant of the fact prior to accepting his guilty plea. He would affirm.

OPINION OF M. J. KELLY, J.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING — APPEAL.

A trial court must inform a criminal defendant of any mandatory minimum sentence for his offense prior to accepting his plea of guilty or nolo contendere; the court need not inform the defendant of all the sentencing consequences but only the maximum and any mandatory minimum; failure to so inform the defendant constitutes error requiring reversal on appeal even where the record reveals that the error was harmless and no miscarriage of justice occurred (MCL 769.26; MSA 28.1096, GCR 1963, 529.1, 785.7[1]).

2. ROBBERY — ARMED ROBBERY — GUILTY PLEAS — SENTENCING — WORDS AND PHRASES.

*The phrase "any term of years" in the armed robbery statute may be construed to impose a minimum sentence of a year and a day upon conviction, and a trial court which informs a defendant who pleads guilty to armed robbery that the sentence mandated by statute is life or any term of years before accepting the plea complies with the court rule requiring that a defendant be informed of any mandatory minimum sentence prior to acceptance of his guilty plea (MCL 750.529; MSA 28.797, GCR 1963, 785.7[1][d]).*

CONCURRENCE BY BRONSON, J.

3. CRIMINAL LAW — GUILTY PLEAS — SENTENCING — WORDS AND PHRASES.

*The phrase "any term of years" as used to describe the sentence consequences of certain crimes specified in the Penal Code should be interpreted to mandate a minimum sentence of one year, and a person convicted of any of such crimes may be sentenced to a county jail where the minimum sentence is imposed or to a state prison where the minimum sentence plus one day or more is imposed; however, because a trial court is required to inform a criminal defendant of any mandatory minimum prison sentence before accepting the defendant's guilty plea, it must inform the defendant that the minimum possible sentence is any term of years even where the sentence would be served in a county jail (GCR 1963, 785.7[1][d]).*

DISSENT BY DANHOF, C.J.

4. ROBBERY — ARMED ROBBERY — GUILTY PLEAS — SENTENCING.

*No minimum sentence is mandated upon conviction of armed robbery, and thus a trial court is not required to inform a criminal defendant of any mandatory minimum sentence prior to accepting his guilty plea; the trial court need only inform the defendant of the maximum sentence and that probation is precluded (MCL 750.529; MSA 28.797, GCR 1963, 785.7[1][b], [d], [f]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. On November 26, 1979, defendant, Clifford West, pled guilty to one count of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to between 5 and 15 years imprisonment on February 1, 1980. Defendant appeals, claiming that the trial court failed to comply with GCR 1963, 785.7(1)(d) when it failed to inform him of the mandatory minimum prison sentence.

GCR 1963, 785.7(1)(d) requires that the trial court inform a defendant of the mandatory minimum prison sentence when accepting a guilty plea from the defendant. GCR 1963, 785.7(1) does not require the judge to inform the defendant of all the sentencing consequences but only the maximum sentence and any mandatory minimum. *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). Failure to give the defendant

this information requires reversal. *Id.,* 118, *People v Jones,* 410 Mich 407, 412; 301 NW2d 822 (1981).

In this case, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. The statute provides that a defendant found guilty of armed robbery will be punished by imprisonment in the state prison for life or for any term of years. Defendant argues that the provision requiring imprisonment for any term of years is a mandatory minimum sentence and that the trial court's failure to inform defendant of the minimum sentence requires reversal. The prosecutor counters by arguing that MCL 750.529; MSA 28.797 does not provide for a mandatory minimum sentence. Far too much has been written by our Court on this matter, and I would much prefer that the harmless error rule be invoked. For the latest expression contrary to Judge BRONSON's rationale see *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981). I have expressed myself in *People v Harper,* 83 Mich App 390, 399; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1981), by interpreting the phrase "any term of years" as imposing a minimum sentence of a year and a day upon a defendant convicted of armed robbery. But that decision also holds that a trial court complies with the requirements of GCR 1963, 785.7(1)(d) when it informs the defendant that his guilty plea will require imprisonment for life or any term of years. Here, the trial court failed to comply. However, it was sheer inadvertence and ought to be called harmless error. I do not think the Supreme Court has given us that option in *Jones, supra,* and I therefore reluctantly vote to reverse. I do so expressly finding harmless error under GCR 1963, 529.1, and I find no miscarriage of justice under MCL 769.26; MSA 28.1096, but I feel that we are mandated to follow

the Supreme Court's opinion in *Jones* which allows for no mistakes.

Reversed.

BRONSON, J. *(concurring).* I generally concur in Judge KELLY's opinion. However, I write separately to make a few observations of my own.

It is my opinion that a history of legislative and judicial shortsightedness is largely responsible for the current dispute over whether the phrase, "shall be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years" has any real meaning. I believe that when the phrase under consideration was first utilized in the penal provisions of the Revised Statutes of 1846, the Legislature intended it to import a mandatory minimum term of imprisonment. One of the basic doctrines of statutory construction is that a statute is to be construed in such a way that every word is given meaning and no part is rendered nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956), *Deshler v Grigg,* 90 Mich App 49, 53-54; 282 NW2d 237 (1979), *lv den* 407 Mich 875 (1979).

The opinions holding that those penal provisions providing that crimes "punishable by imprisonment in the state prison for life or any term of years" have no mandatory minimum term do not attempt to divine the legislative intent in using the language chosen. Rather, they merely assert that the phrase does not mandate a mandatory minimum sentence without any real analysis of the words in dispute. *Inter alia, People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977), *People v McKnight,* 72 Mich App 282, 284; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1977), *People v Landis,* 91 Mich App 345, 346; 283 NW2d

647 (1979), *People v Earl Jones,* 94 Mich App 232, 235; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980), *People v Blythe,* 111 Mich App 366; 314 NW2d 624 (1981).

It is obvious to me that, if the Legislature did not intend that armed robbery and the other crimes which use the controversial phrase should have mandatory minimum sentences,[1] it certainly chose an odd way to express this intent. It would have been far more natural for the Legislature to have used a phrase like, "may be punished by imprisonment in the state prison for up to life, in the discretion of the court" to express an intention that these crimes carry no mandatory minimum sentence.

When the original set of state laws were codified in the revised statutes, the first statute adopted provided rules for construing all subsequent acts. 1846 Rev Stat, ch 1. By what is now MCL 8.3b; MSA 2.212(2), any statute "importing the plural number may be applied and limited to the singular number". Given the original contemporaneous enactment of Michigan's construction statute and

---

[1] All of the crimes using the "punishable by life in the state prison for life or any term of years" language are serious offenses, making it facially plausible that the Legislature did intend some special sentencing considerations to flow from the phrase. Those offenses using the disputed language include: Assault with intent to commit murder, MCL 750.83; MSA 28.278, assault with intent to rob while armed, MCL 750.89; MSA 28.284, setting fire to mines and mining material, MCL 750.80; MSA 28.275, attempted murder, MCL 750.91; MSA 28.286, second-degree murder, MCL 750.317; MSA 28.549, death due to explosives, MCL 750.327; MSA 28.559, death due to explosives with the intent to destroy a building or object, MCL 750.328; MSA 28.560, perjury committed in court in a trial for a capital crime, MCL 750.422; MSA 28.664, poisoning food, drink, etc., with the intent to kill or injure, MCL 750.436; MSA 28.691, attempt to wreck railroad trains or endanger the safety of passengers, MCL 750.511; MSA 28.779, detention by force of a railroad train, MCL 750.516; MSA 28.784, entering a railroad train by means of intimidation for the purpose of robbing, MCL 750.517; MSA 28.785, first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), armed robbery, MCL 750.529; MSA 28.797, and bank robbery, MCL 750.531; MSA 28.799.

penal provisions, it appears to me that all crimes using the phrase here under consideration were intended to have a mandatory minimum term of imprisonment of one year.

In *People v Harper*, 83 Mich App 390, 397-398; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979), Judge KELLY stated that the mandatory minimum prison sentence for crimes using the "life or any term of years" language meant one year and one day. I disagree with Judge KELLY's conclusion only to the extent that it implies that the additional day must be given in all circumstances. Relying on MCL 769.28; MSA 28.1097(1) and MCL 761.1(g); MSA 28.843(g), Judge KELLY indicated that because felony is defined as a crime punishable by more than one year in the state prison and because there can be no mandatory minimum prison sentence of one year or less, the mandatory minimum sentence must be one year and one day. In 1953, MCL 769.28; MSA 28.1097(1) was added to the Code of Criminal Procedure. This section provides that "notwithstanding any provision of law to the contrary", any term of imprisonment of one year or less shall be served in the county jail. In my opinion, rather than changing the mandatory minimum of crimes importing the "punishable by imprisonment in the state prison for life or any term of years" language, MCL 769.28; MSA 28.1097(1) overrides the "punishable by imprisonment in the state prison" portion of this phrase as a provision of law to the contrary. Thus, someone convicted of armed robbery may receive a minimum sentence of one year to be served in the county jail or, alternatively, one year and one day in the state prison. However, since GCR 1963, 785.7(1)(d), requires the court to impart to defendant the mandatory minimum *prison* sentence, I

think Judge KELLY's position in *Harper* is correct insofar as guilty-plea requirements are concerned.[2]

I believe that pertinent provisions of the Penal Code and Code of Criminal Procedure must be construed together so as to be harmonized as a unified whole. As I stated in my partial concurrence in *People v Reuther,* 107 Mich App 349, 357; 309 NW2d 256 (1981), the two codes are *in pari materia.*

The probation statute, MCL 771.1; MSA 28.1131, which is part of the Code of Criminal Procedure, makes little sense if armed robbery and second-degree murder—which are both offenses whose punishment is specified by reference to the "life or any term of years language"—has no mandatory minimum term. I find it impossible to believe that the Legislature intended for second-degree murder and armed robbery to be nonprobationable yet, at the same time, provided for no mandatory term of detention. At least in respect to armed robbery and second-degree murder, there obviously must be, and is, some mandatory minimum period of detention since both crimes are nonprobationable. Even if this mandatory term is not one year, the probation statute by implication undoubtedly requires some period of detention where armed robbery or second-degree murder is involved. Thus, *Freeman, supra,* is susceptible to criticism on this basis alone.

I turn now to the one Michigan Supreme Court

[2] Unlike Judge KELLY in *Harper,* I attach no significance to the definition of felony appearing at MCL 761.1(g); MSA 28.843(g) in respect to this issue. First, the fact that a person is convicted of a crime carrying a possible penalty of more than one year indicates nothing about whether that crime carries any mandatory minimum penalty. Second, I believe that those crimes carrying a two-year maximum penalty, but designated misdemeanors in the Penal Code, are misdemeanors and not felonies. See *People v Reuther,* 107 Mich App 349; 309 NW2d 256 (1981) (BRONSON, J., *concurring in part; dissenting in part).*

decision directly construing the phrase "any term of years". In *People v Burridge,* 99 Mich 343, 345; 58 NW 319 (1894), the Court held that this phrase meant two years. In light of the construction statute discussed above, *Burridge* never made much sense. It has been said to be "discredited" due to subsequent Supreme Court statements in *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), and *People v Abraham Jones,* 410 Mich 407; 301 NW2d 822 (1981).[3] I disagree that either decision constitutes an implied overruling of *Burridge.* In neither case was the Court required to resolve the issue of whether armed robbery has a mandatory minimum sentence to reach the result obtained therein. Indeed, I am inclined to believe that the Supreme Court's decision to ignore *Burridge* is indicative of its desire not to address the issue we are confronted with on its merits.

Despite the foregoing, I am convinced that *Burridge* is no longer viable precedent. I base this on the Legislature's 1959 amendment to the armed robbery statute. By this amendment, the Legislature specifically provided for a two-year mandatory minimum sentence for a defendant who commits an aggravated assault during the commission of an armed robbery. 1959 PA 71, § 1. Of course, if the Legislature thought *Burridge* correctly construed the phrase "life or any term of years", its act of amendment would have been entirely superfluous.

---

[3] Admittedly, there exists a line of cases in this Court which stand for the proposition that we need not follow decisions of the Michigan Supreme Court which we believe it would no longer consider viable. *State ex rel Director of Michigan Dep't of Natural Resources v Chippewa Landing,* 82 Mich App 37, 43; 266 NW2d 658 (1978), *People v Secrest,* 100 Mich App 692, 695; 300 NW2d 373 (1980). While on a theoretical level I have no problems with this doctrine, so long as circumstances clearly and unequivocally indicate that the Michigan Supreme Court will no longer adhere to the precedent, I am nonetheless somewhat uncomfortable with this doctrine as the Supreme Court has never really indicated approval of the practice.

When the Legislature amends a statute, it is presumed to have knowledge of existing laws. *Skidmore v Czapiga,* 82 Mich App 689, 691; 267 NW2d 150 (1978), *lv den* 403 Mich 810 (1978). As such, I believe the amendment to MCL 750.529; MSA 28.797 constitutes an implicit rejection of the *Burridge* decision.

This problem, the two-year misdemeanor-felony problem analyzed in *Reuther, supra,* and others, convinces me that what this state really needs is a close legislative examination and new codification of both the Penal Code and the Code of Criminal Procedure. Until this happens, I hope not to hear anything further from those who routinely denounce the courts for allegedly perverting the legislative intention expressed in these codes. Piecemeal revisions and amendments have made it extremely difficult to divine just what the Legislature wants us to do. Short of a recodification, I sincerely hope that the Michigan Supreme Court will expeditiously address those issues which arise as a consequence of the vagaries of the interplay of the two codes and which divide the judges of this Court.

I concur in reversal in this case.

DANHOF, C.J. *(dissenting).* I respectfully dissent. I would follow *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), and that line of cases which holds that there is no mandatory minimum sentence for armed robbery. *People v Merriweather,* 109 Mich App 388; 311 NW2d 361 (1981), *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979), *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1977). See also *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980).

I also find support for the proposition that a
defendant pleading guilty to armed robbery does
not have to be informed of a mandatory minimum
sentence in *People v Abraham Jones,* 410 Mich
407; 301 NW2d 822 (1981).

*Abraham Jones* consolidated the guilty-plea con-
victions of three defendants. One of the defendants
had pled guilty to two counts of armed robbery.
Two other defendants had pled guilty to various
counts of armed robbery and one count each of
felony-firearm. There is no indication in the facts
set out in *Abraham Jones* that the trial courts
informed any of the defendants of a mandatory
minimum sentence for armed robbery. Rather
than finding error on this ground, the Supreme
Court held that error requiring reversal occurred
in that the trial courts had not informed the
defendants that the maximum sentence for armed
robbery is life imprisonment and, additionally, as
to some of the defendants, that the mandatory
sentence for felony-firearm is two years imprison-
ment.

The logical inference to be drawn from *Abraham
Jones* is that there is no mandatory minimum
sentence for armed robbery. If there were a man-
datory minimum sentence, it could be assumed
that *Abraham Jones* would have referred to it.
This is especially true since the thrust of the
opinion is that a trial court's failure to comply
with the requirements of GCR 1963, 785.7(1)(b) and
(d) mandates reversal of the resulting conviction.

In the instant case the trial court informed the
defendant that the maximum penalty for armed
robbery is life imprisonment and that by pleading
guilty he could not be placed on probation. Thus,
the trial court complied with the requirements of
GCR 1963, 785.7(1)(b), (d), and (f).