PEOPLE v THOMPSON

Docket No. 59003. Submitted June 28, 1982, at Grand Rapids.—Decided October 7, 1982. Leave to appeal applied for.

Victor E. Thompson was convicted, on his plea of guilty, of armed robbery, Kent Circuit Court, George V. Boucher, J. Defendant appeals, alleging that the trial court's failure to inform him of the mandatory minimum sentence was error requiring reversal. *Held:*

The armed robbery statute, providing for imprisonment for "life or any term of years", imposes a mandatory minimum sentence of a year and a day. Failure to inform the defendant of this when ,accepting his guilty plea was error requiring reversal.

Reversed.

R. M. MAHER, J., concurs in the result only.

ROBBERY — MANDATORY MINIMUM SENTENCE — GUILTY PLEAS.

The armed robbery statute, which provides for imprisonment for "any term of years", thereby imposes a mandatory minimum sentence of a year and a day, and it is error requiring reversal for a trial court to fail to inform a defendant of such mandatory minimum sentence when accepting the defendant's plea of guilty (MCL 750.529; MSA 28.797; GCR 1963, 785.7[1][d]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David S. Sawyer,* Prosecuting Attorney, *Carol S. Irons,* Chief Appellate Attorney, and *Timothy K. McMorrow,* Assistant Prosecuting Attorney, for the people.

*George S. Buth,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 472, 476.
Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended, in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. On April 23, 1981, defendant Victor Thompson pled guilty to the offense of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to a term of between 5 and 15 years imprisonment on May 26, 1981. Defendant appeals as of right, claiming that the trial court failed to comply with GCR 1963, 785.7(1)(d) when it failed to inform him of the mandatory minimum sentence.

GCR 1963, 785.7(1)(d) requires that a trial judge inform a defendant of the mandatory minimum prison sentence when accepting a guilty plea. Here, the trial judge informed defendant of the maximum sentence and of the non-probationable nature of the offense of armed robbery, but did not inform him of any minimum sentence.

Whether armed robbery has a mandatory minimum sentence is a question which has divided various panels of this Court. However, we are of the opinion that MCL 750.529; MSA 28.797, providing for imprisonment for "any term of years", imposes a mandatory minimum sentence of a year and a day. See *People v West,* 113 Mich App 1; 317 NW2d 261 (1982). Accordingly, we reverse defendant's conviction.

Reversed.

R. M. MAHER, J., concurs in the result only.

* Circuit judge, sitting on the Court of Appeals by assignment.