## PEOPLE v JOHNSON

Docket No. 62079. Submitted September 7, 1983, at Lansing.—Decided October 25, 1983.

Joseph A. Johnson was convicted, on his plea of guilty, of assault with intent to rob while armed, Genesee Circuit Court, Earl E. Borradaile, J. Defendant appealed. *Held:*

1. The trial court did not err by failing to advise defendant that he could be sentenced as a probation or parole violator since the defendant acknowledged on the record that he was not on probation or parole.

2. Defendant's allegation that the trial court failed to personally advise defendant of his rights pursuant to GCR 1963, 785.7(1) is without merit.

3. The offense to which defendant pled guilty is punishable by imprisonment for "life, or for any term of years". The phrase "any term of years" does not impose a mandatory minimum sentence; therefore, the trial court did not err in not informing the defendant that the offense carries a mandatory minimum sentence.

Affirmed.

M. J. KELLY, J., concurred. While he would hold that the phrase "any term of years" *does* impose a mandatory minimum term of a year and a day, the statute must be read along with the statute providing for probation for all but a few specifically enumerated felonies. Construing the statutes together, the year and a day rule applies only to those enumerated nonprobationable offenses. Therefore, the trial court did not err in not advising the defendant of the mandatory minimum sentence in this case.

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery §§ 4, 7, 10, 15, 16, 73, 89.

[2] 21 Am Jur 2d, Criminal Law §§ 472, 476.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3, 4] 21 Am Jur 2d, Criminal Law § 606.

[4] 21 Am Jur 2d, Criminal Law § 595.

OPINION OF THE COURT

1. CRIMINAL LAW — ASSAULT WITH INTENT TO ROB — ELEMENTS OF OFFENSE.

The elements of the specific intent crime of assault with intent to rob while armed are (1) an assault (2) committed with a dangerous weapon or an article used or fashioned to lead the individual assaulted reasonably to believe it to be a dangerous weapon (3) by a defendant possessing the intent to rob and steal (MCL 750.89; MSA 28.284).

2. CRIMINAL LAW — GUILTY PLEAS — ADVICE TO DEFENDANT.

A court, in accepting a defendant's guilty plea, does not err by failing to advise the defendant that he may be sentenced as a probation or parole violator where the defendant acknowledged on the record that he was not on probation or parole (GCR 1963, 785.7[1][e]).

3. CRIMINAL LAW — SENTENCING — MANDATORY MINIMUM SENTENCE.

A statute making a felony "punishable by imprisonment in the state prison for life, or for any term of years" does not impose a mandatory minimum sentence.

CONCURRENCE BY M. J. KELLY, J.

4. CRIMINAL LAW — SENTENCING — MANDATORY MINIMUM SENTENCE — PROBATION.

*A criminal statute which provides for imprisonment for "any term of years" imposes a mandatory minimum sentence of a year and a day; however, because it is necessary to harmonize conflicting provisions of the Penal Code and the Code of Criminal Procedure, the year and a day requirement is applicable only to those felonies specifically excluded from the provision of the statute allowing the imposition of a sentence of probation; therefore, a trial court accepting a guilty plea to such a felony other than one of those enumerated does not err in failing to advise the defendant of a mandatory minimum sentence (MCL 771.1; MSA 28.1131; GCR 1963, 785.7[1]).*

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Robert E. Weiss*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appellate Division, and *Edwin R. Brown*, Assistant Prosecuting Attorney, for the people.

*Parker & Buckley* (by *Patric A. Parker),* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and BEAS-LEY, JJ.

PER CURIAM. On October 9, 1981, defendant, Joseph Art Johnson, who was originally charged with armed robbery, plead guilty to assault with intent to rob while armed, contrary to MCL 750.89; MSA 28.284.[1] After being sentenced to life imprisonment, defendant appeals as of right, raising three issues.

First, defendant maintains that the trial court failed to comply with GCR 1963, 785.7(1)(e), the court rule requiring a trial court to advise the defendant that he may be sentenced as a probation or parole violator.

In accordance with the proposition set forth in *Guilty Plea Cases*[2] and *People v Daniels,*[3] we hold that, since defendant acknowledged on the record that he was not on probation or parole, error was not occasioned by the trial court's noncompliance with the court rule.

Second, defendant asserts that his plea-based conviction should be vacated because the prosecutor, rather than the trial court, advised defendant of three of the rights embraced in GCR 1963, 785.7(1). At the onset of the plea-taking process,

---

[1] The essential elements of this specific intent offense are (1) an assault (2) committed with a dangerous weapon or an article used or fashioned to lead the individual assaulted reasonably to believe it to be a dangerous weapon (3) by a defendant possessing the intent to rob and steal. *People v Patskan,* 29 Mich App 354, 359-360; 185 NW2d 398 (1971), *rev'd on other grounds* 387 Mich 701; 199 NW2d 458 (1972).

[2] 395 Mich 96, 119; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977).

[3] 69 Mich App 345, 350-351; 244 NW2d 472 (1976).

the prosecutor did recite the contents of three of the subrules, but the trial court thereafter personally informed defendant of these rights. Therefore, the trial court satisfied the requirements of GCR 1963, 785.7(1) by speaking directly to defendant and advising him of the litany of rights.

Last, defendant argues that the trial court erred in not imparting to him that the offense to which he pled guilty, assault with intent to rob while armed, carries a mandatory minimum sentence. The plea-taking transcript indicates that the following sentencing information was given regarding the pleaded offense:

"*The Court:* Has anyone made any promises except what has been detailed by both your attorney and Mr. Blanchard, that the original charge of armed robbery which could carry life for any number of years but had a minimum of two years in the state penitentiary be reduced to assault with intent to rob while being armed, also a felony which could carry life or any term of years but does not have a minimum sentence requirement? Have there been any other promises made? * * *

"*The Court:* Now as I've noted, this charge of intent to rob and steal while being armed does not carry a minimum sentence. However, if I do sentence you to the state penitentiary, which I could do, it is a Proposal B offense, which means that there would be no good time, no special good time or early parole if you were sent away to the state penitentiary. You understand that?"

The statute proscribing defendant's conduct, MCL 750.89; MSA 28.284, provides:

"Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, *punish-*

*able by imprisonment in the state prison for life, or for any term of years."* (Emphasis added.)

Currently, there is a division of authority on this court regarding whether a felony "punishable by imprisonment in the state prison for life, or for any term of years" imposes a mandatory minimum sentence. We subscribe to the majority view that this language does not establish a mandatory minimum sentence.[4]

In reaching the conclusion that the offense of armed robbery, which likewise is punishable by a sentence of life imprisonment or any term of years, does not carry a mandatory minimum sentence, this Court reasoned in *People v Luke:*[5]

"Our belief that the language 'any term of years' establishes no mandatory minimum sentence is reinforced by a recent decision of our Supreme Court. In *People v Urynowicz,* 412 Mich 137, 144; 312 NW2d 625 (1981), defendant pled guilty to first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). On appeal, defendant argued for reversal because the circuit judge did not inform him of the mandatory minimum five-year sentence required by MCL 750.520f; MSA 28.788(6) for second or subsequent offenders. The Court said:

" 'This defendant was not charged under § 520f. Consequently, there was no mandatory minimum of which advice under GCR 1963, 785.7(1)(d) was required.'

"The penalty for first-degree criminal sexual conduct is imprisonment 'for life or for any term of years', MCL 750.520b(2); MSA 28.788(2)(2)."

Defendant's plea based conviction and sentence are affirmed.

---

[4] See, among others, *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977); *People v Landis,* 91 Mich App 345, 346; 283 NW2d 647 (1979); *People v Luke,* 115 Mich App 223, 224; 320 NW2d 350 (1982).

[5] *People v Luke, supra,* p 225.

M. J. Kelly, J. *(concurring)*. I remain convinced for reasons articulated in previous cases that the phrase "any term of years" imposes a mandatory minimum sentence of a year and a day. See *People v Thompson,* 120 Mich App 361; 327 NW2d 479 (1982); *People v West,* 113 Mich App 1; 317 NW2d 261 (1982); *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979). Defendant in this case was charged with assault with intent to rob while armed which is "punishable by imprisonment in the state prison for life, or for any term of years". MCL 750.89; MSA 28.284. Thus, if I were to rely only on that statute in deciding the instant case, I would find that the trial court erred under GCR 1963, 785.7(1)(d) by informing the defendant that the crime to which he pled carried "life or any term of years *but does not have a minimum sentence requirement"* (emphasis added).

We must, however, construe the penal statute of assault with intent to rob while armed together with Michigan's probation statute, MCL 771.1; MSA 28.1131. The probation statute provides that, with certain enumerated exceptions, felony convictions are probationable if the sentencing court is satisfied that defendant is not likely to again engage in criminal conduct and that the public good does not require defendant's incarceration. The enumerated felonies which remain nonprobationable are "murder, treason, criminal sexual conduct in the first or third degree, robbery while armed" and certain major controlled substance offenses. Since defendant in this case pled guilty to a probationable felony, the trial court could have sentenced him to a term of probation. The instant case is thus distinguishable from *People v Thompson, supra,* and *People v West, supra,* where both

defendants pled guilty to armed robbery, and *People v Harper, supra,* where defendant pled nolo contendere to first-degree criminal sexual conduct and armed robbery.[1]

We are now confronted with the dilemma of having to apply two statutes which, taken separately, mandate directly conflicting results. Where a defendant is convicted of assault with intent to rob while armed, MCL 750.89; MSA 28.284 provides for a mandatory minimum sentence of a year and a day while MCL 771.1; MSA 28.1131 allows the court to impose a sentence of probation.

I attribute this conflict to the enactment of two comprehensive criminal codes separated by a period of 80 years. It is clear to me that when the Michigan Penal Code was first enacted in 1846, the Legislature intended to impose a mandatory minimum sentence on all of the most serious crimes and did so by making them punishable by imprisonment for a term of any number of years.[2] The probation statute was enacted 80 years later and evidences of intent on the part of the Legislature to undercut many of the mandatory minimum sentences imposed by way of the old penal code. This rather significant expansion of the sentencing court's discretion is certainly in keeping with the modern but now beseiged view that sentencing should be tailored to the particular circumstances of each case. See *People v Chapa,* 407 Mich 309, 311; 284 NW2d 340 (1979), citing *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

Inasmuch as we are required to harmonize wherever possible conflicting provisions of the Pe-

[1] I note that at the time *People v Harper* was decided, first-degree criminal sexual conduct was a probationable offense and thus, under my analysis today, did not carry a mandatory minimum sentence.

[2] See Judge BRONSON's concurring opinion in *People v West, supra,* p 6, fn 1.

nal Code and the Code of Criminal Procedure, *People v West, supra,* p 8; *People v Reuther,* 107 Mich App 349, 357; 309 NW2d 256 (1981), I conclude that the year and a day rule as applied in *People v Thompson, supra, People v West, supra,* and *People v Harper, supra,* applies only to those nonprobationable offenses specifically enumerated in MCL 771.1; MSA 28.1131. I join, however futilely, in Judge BRONSON's call for legislative or judicial resolution of the current debate in this Court regarding mandatory minimum sentencing. *People v West, supra,* p 10.

For the reasons stated, I concur that error did not result under GCR 1963, 785.7(1)(d) when the sentencing court in this case failed to inform defendant of a mandatory minimum sentence.