# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

133736

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

          SC:  133736
          COA:  275609
          Genesee CC:  80-029788-FY

JOSEPH ART JOHNSON,
      Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the March 1, 2007 order of the Court of Appeals is considered.  We DIRECT the Genesee County Prosecuting Attorney to answer the application for leave to appeal within 28 days after the date of this order, and to provide as much information as is possible, including references to the defendant's record while incarcerated, as to what has led the Department of Corrections to exercise its discretion to keep the defendant incarcerated until now.

We note that in 1985, former Justice Ryan, in dissenting from the denial of the defendant's application for leave to appeal, stated as follows:

> Despite the inapplicability of *People v Coles*, 417 Mich 523 (1983), I would direct the appointment of counsel to prepare an application for leave to appeal to enable this Court to consider whether, despite defendant's juvenile record, imposition upon this 18-year-old defendant of a sentence of life imprisonment for an armed robbery of an ice cream vendor in which a pellet gun was employed, no one was injured, no shots were fired and $27.50 in change was taken is so shocking to the conscience of the Court that the matter should be remanded to the trial court for reconsideration of the sentence, particularly in light of the sentence of probation given to the codefendant.  [422 Mich 897 (1985)].

In addition, in 2005, Justice Cavanagh stated:

> I dissent from the denial of leave.  I would grant leave to explore what relief could be afforded this defendant.
>
> In 1981, defendant and a codefendant, both 19 years of age at the time, used a pellet-shooting air rifle to rob a 14-year-old ice cream bicycle

vendor of several dollars. Defendant held and brandished the air rifle while the codefendant actually took the money. They both entered guilty pleas to a charge of assault with intent to rob while armed. The codefendant received a sentence of six months in the county jail with work release. Defendant was sentenced to life in prison.

In 1983, this Court remanded this matter to the trial court and directed the sentencing judge to explain the reason for the great disparity in the two sentences. The trial court explained that this defendant had a more extensive, assaultive juvenile record and the public needed him removed from the streets for a number of years. It can be inferred from the trial court's statements that the court expected that the practice in place before the passage of Proposal B of parole eligibility after ten years of a life sentence would provide defendant with review.

Now, 24 years after sentence, defendant again seeks relief from this Court. I would grant leave to explore what relief might be possible. Short of that, I would order the Department of Corrections to show cause why this defendant remains incarcerated. [474 Mich 924 (2005)].

The application for leave to appeal remains pending.

YOUNG, J., dissents and states as follows:

This Court has made an extraordinary request that the prosecutor explain why the Department of Corrections has continued to imprison defendant, who was convicted of assault with intent to commit armed robbery. Setting aside the obvious procedural barriers to defendant's application, this Court has no jurisdiction over the Department of Correction's decisions denying parole, and there is no relief this Court can grant if the prosecutor's answer proves to be unsatisfactory to those members of the Court who are requiring this action. Therefore, this order is, in my view, simply an empty gesture.

Defendant has been before this Court a number of times. When defendant first appealed, the Court of Appeals issued a published opinion affirming his conviction. 130 Mich App 26 (1983). This Court remanded the case to the Genesee Circuit Court to articulate the reasons for imposing a life sentence. 419 Mich 920 (1984). After remand, this Court denied defendant's application for leave to appeal over Justice Ryan's dissent. 422 Mich 897 (1985). Since then, defendant has filed a number of motions for relief from judgment, but did not seek leave to appeal in this Court when the first two were denied. When he sought leave to appeal in this Court the third motion for relief from judgment, his appeal was denied as a successive motion failing to meet the requirements of MCR 6.502(G). 472 Mich 921 (2005). This Court denied defendant's motion for reconsideration, and Justice Cavanagh dissented and stated that he would "grant leave to explore what relief could be afforded this defendant." 474 Mich 924 (2005) (Cavanagh,

J. dissenting). The current application is from defendant's *fourth* motion for relief from judgment.

Defendant's main quarrel is that he and the trial judge believed that, even though defendant was sentenced to life with the possibility of parole, he would probably be out of prison in 10 years. That argument is defeated by *People v Moore*, 468 Mich 573, 580 (2003), in which this Court held that "the failure to accurately predict the actions of the Parole Board does not constitute a misapprehension of the law that could render the sentence invalid." The affidavit and letter from Judge Borradaile, the sentencing judge, that defendant submitted reflect a misapprehension on par with that of the trial judge in *Moore*.

Because defendant's sentence is proper, he is ultimately attempting to appeal the Department of Correction's decision to deny him parole. Under MCL 791.235(1), "[t]he release of a prisoner on parole shall be granted solely upon the initiative of the parole board." The statute entitles defendant to "a written explanation of the reason for denial and, if appropriate, specific recommendations for corrective action the prisoner may take to facilitate release." MCL 791.235(12). However, defendant is not entitled to appeal the decision of the Parole Board. MCL 791.234(11).[1] Defendant has not even alleged any violations of the procedures of the parole act.

Given that defendant's sentence is valid and it is not contested that the Parole Board has complied with the statute, I am uncertain what end is served by requiring the prosecutor to respond to this meritless application. There is simply no authority for this Court to order defendant's release. Consequently, however upset members of the Court may be about the time that this defendant has served for assault with intent to commit armed robbery, there is essentially nothing this Court can do to impose its will on the Parole Board.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[1] This provision used to be MCL 791.234(8). 1999 PA 191 renumbered the provision and removed prisoners from the list of people who could appeal a decision of the Parole Board. *Moore, supra* at 581 n 8. The provision has been further renumbered since, but it has not been otherwise altered.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2007

*Corbin R. Davis*
Clerk

s1030