# Order

Michigan Supreme Court
Lansing, Michigan

March 21, 2008

133736 & (23)

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

JOSEPH ART JOHNSON,
            Defendant-Appellant.
_____/

SC:  133736
COA:  275609
Genesee CC:  80-029788-FY

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

By order of November 2, 2007, the prosecuting attorney was directed to answer the application for leave to appeal the March 1, 2007 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion for appointment of counsel is DENIED.

YOUNG, J., concurs and states as follows:

I concur in the order and write solely to respond to Justice Kelly's dissent. This defendant has appealed to this Court and the Court of Appeals a number of times over the years since his conviction. The current application for leave to appeal is from defendant's *fourth* motion for relief from judgment. Considering the defendant's relative youth when he committed and was convicted of assault with intent to commit armed robbery, several justices have wondered why defendant has been incarcerated for so long.[1] This is a humane and understandable impulse but one that now trenches upon the

---

[1] Justice Kelly is correct that "[i]n this country, we sentence defendants for the acts for which they have been convicted." *Post* at 4 n 9. As noted, this defendant was convicted of assault with intent to commit armed robbery. In 1980, just like today, that crime was "punishable by imprisonment in the state prison for life, or any term of years." MCL 750.89; *People v Johnson*, 130 Mich App 26, 29-30 (1983). On direct appeal, the Court of Appeals upheld defendant's conviction and sentence, and after remand, this Court denied defendant's application for leave to appeal. In this successive motion for relief from judgment, defendant has not raised "a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion" that would justify upsetting his conviction or sentence. MCR 6.502(G)(2).

discretionary authority of the Department of Corrections, which alone has the authority to determine when convicted felons will be paroled. This Court recently requested that the prosecutor provide an explanation "as to what has led the Department of Corrections to exercise its discretion to keep the defendant incarcerated until now." *People v Johnson*, 740 NW2d 310. As it turns out, this defendant has a lengthy and substantial record of prison violations, including violent assaults. So that the public will be able to assess the arguments Justice Kelly makes on his behalf, I attach hereto the summary of defendant's prison record provided by the prosecutor. [Attachment at the end of the order.]

KELLY, J., dissents and states as follows:

In August 1980, defendant and an accomplice used an air rifle to rob an ice cream vendor of a small amount of cash and several ice cream bars. Both men were 19 years old at the time of the crime. Defendant held the air rifle while his codefendant took the money. No shots were fired. Both men pleaded guilty of assault with intent to rob while armed. The codefendant received a sentence of six months in the county jail with work release. Defendant was sentenced to a "parolable" life sentence. He is still in prison serving that sentence 28 years later.

Since his conviction, defendant has repeatedly applied for relief in this Court. Numerous members of this Court have expressed concern over the sentence imposed. In 1985, Justice Ryan, dissenting from an order denying leave to appeal, stated that he would direct the appointment of counsel to enable this Court to consider whether defendant's sentence was "so shocking to the conscience of the Court" that relief should be granted.[2] On defendant's motion for reconsideration, Justices Levin and Archer wrote that they would grant the motion.[3] Twenty years later, Justice Cavanagh echoed similar concerns in a dissenting statement of his own.[4] He stated that he would grant leave to appeal to explore what relief this Court could afford defendant.[5] Both Justice Markman and I have indicated that we would grant leave to appeal to further consider defendant's case.[6]

Today, defendant again applies for leave to appeal in this Court. After directing the prosecutor to respond, this Court denies relief. I strongly object. Appellate counsel should be appointed for defendant and oral argument should be heard on the application, with the parties directed to address what, if any, relief this Court could afford defendant.

---

[2] *People v Johnson*, 422 Mich 897 (1985).

[3] *Id.*

[4] *People v Johnson*, 474 Mich 924 (2005).

[5] *Id.*

[6] *Id.*

Argument on the application is particularly appropriate because numerous issues exist that may entitle defendant to relief. First, although he and his codefendant engaged in the same behavior and pleaded guilty of the same crime, defendant remains in prison whereas his codefendant spent six months in jail with work release. Because two such drastically different sentences were imposed for the same behavior, serious concerns arise about the validity of defendant's sentence. It seems a miscarriage of justice to sentence one man to life in prison and another to six months in jail for the same behavior. If our system of justice is to retain its valued place in society, people must be treated equally. That appears not to have happened here. Another possible theory for relief is that defendant's trial counsel may have been ineffective in failing to obtain a proportionate sentence for his client.

Finally, defendant's sentence may be unconstitutional in light of the recent decision in *Foster-Bey v Rubitschun*.[7] There, Judge Battani held that changes to Michigan's parole law and polices in 1992 and 1999 violate the Ex Post Facto Clause of the United States Constitution.[8] As I have noted previously, I believe that serious concerns exist regarding the constitutionality of this state's parole system for those sentenced to parolable life terms before 1992.[9] This case presents an excellent opportunity for this Court to consider this jurisprudentially significant issue.

In sum, the Court should appoint counsel for defendant and hear argument on his application so it can decide what, if any, relief is available to defendant.[10]

---

[7] Unpublished opinion of the District Court for the Eastern District of Michigan, issued October 23, 2007 (Docket No. 05-71318).

[8] US Const, art I, § 10.

[9] E.g., *People v Scott*, 480 Mich 1019 (2008).

[10] Justice Young responds to my statement by pointing to defendant's prison record. In this country, we sentence defendants for the acts for which they have been convicted. Therefore, it is inappropriate to consider their later behavior in prison when reviewing the appropriateness of the sentence. The relevant question before us is whether the sentence was valid when it was handed down. Accordingly, anything this defendant has done since sentencing is irrelevant in deciding whether his sentence, life in prison for stealing a small sum of money and some ice cream bars, is proper.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 21, 2008

_Corbin R. Davis_
Clerk

s0318

| Date: | MDOC Document Name: | Exhibit page |
|---|---|---|
| 5-12-03 | Memorandum: "Johnson was found guilty of a substance abuse misconduct, 5-12-03." | p 7 |
| 3-11-07 | Administrative Hearing Report: "He had 2 yellow photo tickets that were either stolen from the prisoner store or they were smuggled in from a visit." | p 14 |
| 2-6-07 | Prisoner Program and Work Assignment Evaluation: "Termination required based on Guilty finding of ticket." | p 15 |
| 1-27-07 | **Major Misconduct Hearing Report:** Insolence; Disobeying a Direct Order, Found Guilty | p 17 |
| 11-2-06 | Prisoner Program and Work Assignment Evaluation: "Inmate Johnson, had a few issues always missing work or leaving early. (out of place ticket 12-30)." | p 19 |
| 7-31-06 | Security Reclassification Notice: "Misconduct charges; Fighting, 5-16-06; Out of Place, 2-10-06." | p 26 |
| 7-18-06 | Notice of Intent to Classify to Segregation; "Pris Johnson approached me and stated that he needed to lockup for protection He said that he owed money from gambling debts he had incurred at a gambling table run by an inmate." | p 27 |
| 5-16-26 | **Major Misconduct Hearing Report:** Fighting Found Guilty | p 30 |
| 1-25-06 | **Major Misconduct Hearing Report:** Out of Place Found Guilty | p 37 |
| 8-6-05 | **Major Misconduct Hearing Report:** Creating a Disturbance Found Guilty | p 48 |
| 11-8-04 | Security Reclassification Notice: "Subject placed in Temp Seg due to a NOI for possibly being involved in attempted assault on another prisoner which may have involved a weapon | p 63 |
| 4-12-04 | **Major Misconduct Hearing Report:** Out of Place Found Guilty | p 68 |

| 1-15-04 | Notice of Intent to Conduct an Administrative Hearing: Contraband | p 71 |

**Major Misconduct Hearing Report:** Out of Place Found Guilty — 6-6-03 — p 78

**Major Misconduct Hearing Report:** Out of Place Found Guilty — 5-17-03 — p 80

**Major Misconduct Hearing Report:** Substance Abuse Found Guilty — 4-20-03 — p 82

Special Problem Offender Notice: Assaulting an Employee or Escape Jail: "Prisoner Phillips stated that he was assaulted by prisoner Johnson and Johnson was found guilty of the assault." — 9-5-01 — p 112

**Major Misconduct Hearing Report:** Assaulting Resulting in Serious Physical Injury: Found Guilty — 8-29-01 — p 113

**Major Misconduct Hearing Report:** Threatening Behavior Found Guilty — 10-27-00 — p 124

Prisoner Program and Work Assignment Evaluation: "Johnson has been warned several times about loitering while Working. Johnson cannot work without constant supervision" — 4-1-00 — p 130

**Major Misconduct Hearing Report:** Insolence Found Guilty — 1-18-00 — p 132

Parole Board Notice of Action- No interest — 12-8-00 — p 134

Notice of Intent to Conduct an Administrative Hearing Contraband: "During a complete Unit Shakedown on 12/17/99, Prisoner Johnson was found to have the following contraband in his area of control: plastic spoon, bottles of med., old store card, altered adaptor." — 12-17-99 — p 142

**Major Misconduct Hearing Report:** Disobeying a Direct Order Found Guilty — 4-2-98 — p 165

Special Problem Offender Notice: "On 7-30-97, a major Misconduct ticket was written on Johnson for Assault & Battery On Inmate Hamilton." — 3-12-98 — p 171

Visitor Restriction: "The decision to restrict your visits was based on the following major misconduct guilty findings for Substance Abuse. 8-31-95 (alcohol), 1-14-96 (cocaine), 8-23-96 (alcohol), 7-29-97 (alcohol)." — 9-30-97 — p 178

37

10-28-97   Security Reclassification Notice: Misconduct Charge, Asslt & Batt p181 8-11-97, Substance abuse 8-18-97. "Demonstrate inability to be managed with group privileges. Show that this prisoner is a serious threat to the physical safety of staff and/or other prisoners."

7-29-97   **Major Misconduct Hearing Report:** Substance Abuse   p 182
Found Guilty

7-30-97   **Major Misconduct Hearing Report:** Assault and Battery   p 184
Found Guilty

7-30-97   **Major Misconduct Hearing Report:** Disobeying a Direct Order   p 189
Found Guilty

7-31-97   **Major Misconduct Hearing Report:** Theft: Possession of Stolen p 191
Property: Found Guilty

5-18-97   **Major Misconduct Hearing Report:** Creating a Disturbance   p 194
Found Guilty

3-4-97   Prisoner Program and Work Assignment Evaluation:   p 199
"Johnson is threat to safety of stewards in main kitchen."

2-17-97   **Major Misconduct Hearing Report:** Insolence   p 200
Found Guilty

10-19-97   **Major Misconduct Hearing Report:** Disobeying a Direct   p 204, 216
Order:  Found Guilty

11-25-97   Memorandum: "Prisoner Johnson was classified to Administrative p 207
Segregation on 10-28-97 by the Security due to an Assault & Battery
On inmate misconduct.

1-6-98   **Major Misconduct Hearing Report:** Insolence   p 211
Found Guilty

8-23-96   Prisoner Program and Work Assignment Evaluation:   p 220
"Laid in for Substance abuse (alcohol while on assignment)
Porter Johnson had a problem staying on his assignment would be
seen on galleries he wasn't to be on without authorization, failed to
keep showers clean at all times due to his running around, passing
items to other prisoner such as cigarettes. Guilty."

8-23-96   **Major Misconduct Hearing Report:** Substance Abuse   p 222
Found Guilty

4-14-96   Notice of Intent to Classify to Administrative Segregation   p 226

1-14-96      **Major Misconduct Hearing Report:** Substance Abuse      p 231
Found Guilty

10-31-00      Notice of Action/Parole Board: "No interest in taking action"      p 233

8-31-95      **Major Misconduct Hearing Report:** Substance Abuse      p 236
Found Guilty

4-17-95      Administrative Segregation Interview Report: "observed with      p 242
shank in hand, attempting to pass to another prisoner."

2-27-95      Security Reclassification Notice: "Misconduct Charge,      p 250
Possession of Dangerous Contraband."

2-18-95      **Major Misconduct Hearing Report:** Possession of Dangerous      p 252
Contraband: Found Guilty

12-6-94      Administrative Segregation Interview Report: "hit prisoner in jaw." p 255

11-18-94      Administrative Segregation Interview Report: "Prisoner has a      p 258
lengthy consistent behavior of violent/assaultive behavior."

7-14-94      **Major Misconduct Hearing Report:** Assault and Battery      p 267
Found Guilty

2-20-94      **Major Misconduct Hearing Report:** Possession of Forged      p 277
Documents: Found Guilty

2-94      Prisoner Program and Work Assignment Evaluation:      p 279
"Johnson needs to stay in his own area, and refrain from
horse playing in the kitchen."

10-5-93      **Major Misconduct Hearing Report:** Fighting      p 283
Found Guilty

9-30-93      Prisoner Program and Work Assignment Evaluation:      p 287
"Worker seems to want to horseplay, instead of working at the
proper time. Has been verbally told about horse playing on several
occasions."

8-16-84      Administrative Segregation Interview Report: "Reason for      p 290
segregation classification; Prevent/control prisoners unmanageable
assaultive behavior."

9-10-93      Security Classification Screen-Review: "History of serious      p 294
management problems indicates the need to gradually reduce
security levels."

8-18-93    Security Classification Screen-Review: "History of stabbing    p 295
other prisoners."

12-7-92    Program Classification Report: "Due to a lengthy history of    p 303
assaultive behavior, he is being retained at a level V security."

7-9-91    **Major Misconduct Hearing Report:** Fighting    p 316
Found Guilty

4-4-91    Administrative Segregation Interview Report: Notice of Intent    p 323
upheld stabbed another prisoner

3-18-91    Special Problem Offender Notice: "On 3-1-91 prisoner Johnson    p 324
stabbed prisoner Hammond in the chest and back while being held
by prisoner Goodman."

7-11-90    Transfer Order: "Prisoner demonstrates the inability to be    p 328
managed with group privileges, is a threat to the physical safety
of staff and/or other prisoners."

6-1-90    Special Problem Offender Notice: "Prisoner Neely was stabbed by    p 340
prisoner Johnson. The stabbing was done in the institutions Barber
Shop with a pair of scissors."

6-13-90    Security Reclassification Notice: "Misconduct charge; Assault &    p 342
Battery (5-30-90); Gambling (1-10-90)."

5-25-90    **Major Misconduct Hearing Report:** Theft; Possession of    p 343
Stolen Property: Found Guilty

5-25-90    **Major Misconduct Hearing Report:** Assault and Battery    p 345
Found Guilty: Johnson stabbed Neely with scissors in Barber Shop

12-28-89    **Major Misconduct Hearing Report:** Gambling; Possession of    p 358
gambling paraphernalia: Found Guilty.

8-10-89    Transfer Order: "Since arriving at TCF he has incurred the    p 367
following major misconducts: Destruction or Misuse of State
Property (8-1-88); Possession of Money (8-24-89); Insolence (10-10-88);
Interference with Administration of Rules (10-26-88); Theft; Possession
of Stolen Property (10-26-88); Fighting (1-11-89)."

5-2-89    Administrative Hearing Report: Disposition of Property "contains    p 374
illegal numbers (credit numbers). Cover to be destroyed."

1-24-89    Security Reclassification Notice: "Misconduct charge; Fighting    p 377
(1-11-89); Theft; Possession of Stolen Property (10-26-89);
Interference with Admin. of Rules (10-26-88); Insolence (10-10-88);
Possession of Money (8-24-88); Dest or Misuse of State Property (8-1-88).

1-5-89    **Major Misconduct Hearing Report:** Fighting:    p 378
Found Guilty

12-22-88    Notice of Action/Parole Board: "The Parole Board has reviewed    p 380
your case following your most recent interview and has no interest
in taking action at this time."

10-15-88    **Major Misconduct Hearing Report:** Theft; Possession of    p 383
Stolen Property: Found Guilty

10-15-88    **Major Misconduct Hearing Report:** Interference with the    p 383
Administration of rules: Found Guilty

9-30-88    **Major Misconduct Hearing Report:** Insolence:    p 391
Found Guilty

5-25-90    **Major Misconduct Hearing Report:** Theft; Possession of    p 343
Stolen Property: Found Guilty

8-14-88    **Major Misconduct Hearing Report:** Possession of Money:    p 394
Found Guilty

7-5-88    Notice of Intent to Conduct an Administrative Hearing:    p 397
"Contraband in property when he came in."

7-17-88    **Major Misconduct Hearing Report:** Destruction or misuse of    p 399
property with value of $10 or more: Found Guilty

12-18-87    Transfer Order: "Johnson-El has been found guilty of the    p 415
Following major misconducts: Insolence (10-5-87), (10-12-87),
and (11-9-87); Fighting (10-7-87). Currently Johnson has 2 assault
charges pending."

11-19-87    **Major Misconduct Hearing Report:** Assault and Battery:    p 416
Found Guilty

6-29-84    **Major Misconduct Hearing Report:** Fighting:    p 418
Found Guilty

11-19-87    **Major Misconduct Hearing Report:** Assault and Battery:    p 431
Found Guilty

| 12-2-87 | Administrative Hearing Report: "Johnson-El received a ticket for Assault and a ticket for Fighting. He has received misconducts for Insolence (2); Out of Place and Fighting (2)." | p 434 |

10-24-87     **Major Misconduct Hearing Report:** Insolence:     p 435
Found Guilty

10-2-87     **Major Misconduct Hearing Report:** Fighting:     p 438
Found Guilty

9-25-87     **Major Misconduct Hearing Report:** Insolence:     p 440
Found Guilty

7-30-87     **Major Misconduct Hearing Report:** Out of Place:     p 442
Found Guilty

9-14-87     **Major Misconduct Hearing Report:** Insolence:     p 444
Found Guilty

7-1-86     Memorandum: "His adjustment at MIPC has been less than     p 470
satisfactory. Since 4-10-85 Johnson has been found guilty of
Threatening Behavior, Assault and Battery, Dangerous Contraband,
Fighting, Disobeying a Direct Order, Assault and Battery, Insolence,
And Threatening Behavior."

5-19-86     **Major Misconduct Hearing Report:** Threatening Behavior,     p 475
Insolence: Found Guilty

5-1-86     **Major Misconduct Hearing Report:** Insolence:     p 477
Found Guilty

3-4-86     **Major Misconduct Hearing Report:** Assault and Battery:     p 479
Found Guilty

1-25-86     Michigan Intensive Program Center: Final Report:     p 481
"Negative Behaviors: He has incurred the following major misconducts
while at MIPC (9 months), A. 4-10-85 Inciting to Riot or Strike,
B.7-15-85 Assault and Battery (Inmate), Possession of Contraband,
C. 7-20-85 Fighting, D. 8-11-85 Assault and Battery (Inmate),
E. 8-27-85 Disobeying a Direct Order, F. 1-18-85 Fighting."

8-27-85     **Major Misconduct Hearing Report:** Disobeying a Direct Order: p 488
Found Guilty

1-18-86     **Major Misconduct Hearing Report:** Fighting:     p 503
Found Guilty

| | | |
|---|---|---|
| 1-5-86 | **Major Misconduct Hearing Report:** Disobeying a Direct Order: Found Guilty | p 505 |
| 8-11-85 | **Major Misconduct Hearing Report:** Assault and Battery: Found Guilty | p 509 |
| 7-20-85 | **Major Misconduct Hearing Report:** Fighting: Found Guilty | p 511 |
| 7-15-85 | **Major Misconduct Hearing Report:** Assault and Battery, Possession of Dangerous Contraband: Found Guilty | p 513 |
| 4-10-85 | **Major Misconduct Hearing Report:** Incite to Riot or Strike, Threatening Behavior: Found Guilty | p 521 |
| 3-18-85 | Transfer Recommendation & Order: "His adjustment in B Unit has been poor (disobeying a direct order, insolence and assault and battery (resident)." | p 525 |
| 2-27-85 | Administrative Segregation Interview Report: "Prisoners inability to be managed with group privileges is a threat to the order and security of this facility." | p 527 |
| 3-7-85 | **Major Misconduct Hearing Report:** Insolence: Found Guilty | p 529 |
| 2-11-85 | **Major Misconduct Hearing Report:** Disobeying a Direct Order, Insolence: Found Guilty | p 542 |
| 1-17-85 | **Major Misconduct Hearing Report:** Fighting: Found Guilty | p 546 |
| 12-31-84 | **Major Misconduct Hearing Report:** Insolence: Found Guilty | p 550 |
| 9-19-84 | **Major Misconduct Hearing Report:** Insolence: Found Guilty | p 558 |
| 6-5-84 | Presentence Investigation Report: (Prepared for Jackson County Circuit Court) Prison Adjustment (Misconducts): | p 563-574 p 568 |

| | | |
|---|---|---|
| 11-10-81 | Assault | 6 days detention |
| 12-6-81 | Insolence | 3 days toplock |
| 12-23-81 | Destruction of State Property Over $10.00 | 4 days detention |
| 1-7-82 | Insolence | 3 days toplock |
| 1-13-82 | Disobeying a Direct Order | 3 days detention |

43

| Date | Charge | Penalty |
|---|---|---|
| 1-28-82 | Fighting | 7 days detention |
| 2-15-82 | Disobeying a Direct Order | 2 days toplock |
| 3-3-82 | Disobeying a Direct Order | 1 day detention |
| 3-2-82 | Insolence | 2 days detention |
| 3-3-82 | Disobeying a Direct Order | 2 days detention |
| 4-3-82 | Fighting | 6 days detention |
| 4-22-82 | Disobeying a Direct Order | 3 days detention |
| 7-1-82 | Possession of Dangerous Contraband | 7 days detention |
| 6-26-82 | Disobeying a Direct Order | 2 days detention |
| 11-3-82 | Out of Place | 2 days toplock |
| 11-24-82 | Possession of Dangerous Contraband | 7 days detention |
|  | Substance Abuse |  |
|  | Possession of Gambling Paraphernalia |  |
| 11-24-82 | Destruction of State Property Over $10.00 | Restitution |
| 1-11-83 | Possession of Non-Dangerous Contraband | confiscated |
| 1-16-83 | Misuse or Destruction of State Property | 2 days detention |
| 1-21-83 | Assault and Battery | 7 days detention |
| 8-21-82 | Threatening Behavior | 7 days detention |
| 8-1-83 | Possession of Non-Dangerous Contraband | confiscated |
| 1-4-84 | Possession of Non-Dangerous Contraband | confiscated |
| 1-6-84 | Disobeying a Direct Order | 5 days detention |
| 1-18-84 | Assault and Battery | 7 days detention |
| 1-18-84 | Assault and Battery | 7 days detention |
|  | Disobeying a Direct Order |  |
| 3-12-84 | Disobeying a Direct Order | 8 days loss of priv. |
| 3-14-84 | Possession of Non-Dangerous Contraband | confiscated |
| 3-8-84 | Sexual Misconduct | 3 days detention |
| 3-31-84 | Destruction or Misuse of State Property | 10 days loss of priv. |
| 5-1-84 | Fighting | 5 days detention |
| 5-9-84 | Assault on Staff | 7 days detention |

| 1-18-84 | Basic Information Report (Assaulting a Prison Employee | p 564 |

| 5-30-84 | Sentence Recommendation: Jackson Co 84-33577-FH | p 574 |

5-30-84 Sentence Recommendation: Jackson Co 84-33577-FH — "Original Charge: Assault Prison Employee (Two Counts) /Second Felony. Conviction Charge: Assault Prison Employee (48 months max.). Plea Agreement: Plead guilty to Count I. After sentencing, Count II and the Supplemental Information will be dismissed. Also, no prosecution will be forthcoming on incident No. 41-1006-84." Defendant was sentenced on 6-14-84 to 2 to 4 years

| 5-9-84 | **Major Misconduct Hearing Report:** Assault and Battery: Found Guilty | p 579 |

5-1-84  **Major Misconduct Hearing Report:** Fighting:  p 582
Found Guilty

3-31-84  **Major Misconduct Hearing Report:** Destruction or Misuse of:  p 585
of Property with a value of $10.00 or more:  Found Guilty

3-12-84  **Major Misconduct Report:**  Assault and Battery, Disobeying  p 589
a Direct Order

3-12-84  **Major Misconduct Report:**  Possession of Dangerous Contraband:p 590
1-18-84  **Major Misconduct Hearing Report:**  Assault and Battery,  p 594
Disobeying a Direct Order:  Found Guilty of both counts.

1-18-84  **Major Misconduct Hearing Report:**  Assault and Battery:  p 599
Found Guilty

1-6-84  **Major Misconduct Hearing Report:**  Disobeying Order:  p 602
Found Guilty

8-21-83  **Major Misconduct Hearing Report:**  Threatening Behavior:  p 609
Found Guilty

11-24-82  **Misconduct Hearing Report:**  Dangerous Contraband, Substance,p 622
Gambling Paraphernalia:  Found Guilty of all three counts

11-2-82  **Misconduct Hearing Report:**  Out of Place:  p 625
Found Guilty

6-26-82  Misconduct Report:  Disobeying a Direct Order  p 632

7-6-82  Security Reclassification: "Misconduct charge; Dangerous  p 633
Contraband"

4-3-82  **Misconduct Hearing Report:**  Fighting:  p 634
Found Guilty

3-3-82  **Misconduct Hearing Report:**  Disobeying a Direct Order,  p 641
Out of Place:  Found Guilty

3-2-82  **Misconduct Hearing Report:**  Insolence:  p 643
Found Guilty

3-3-82  **Misconduct Hearing Report:**  Disobeying a Direct Order:  p 645
Found Guilty

2-15-82     **Misconduct Hearing Report:** Disobeying a Direct Order:     p 647
Found Guilty

1-28-82     **Misconduct Hearing Report:** Fighting:     p 649
Found Guilty

1-13-82     **Misconduct Hearing Report:** Disobeying a Direct Order:     p 651
Found Guilty

1-7-82     **Misconduct Hearing Report:** Insolence:     p 654
Found Guilty

12-23-81     **Misconduct Hearing Report:** Destruction of State Property:     p 656
Found Guilty

12-6-81     **Misconduct Hearing Report:** Insolence:     p 658
Found Guilty

11-10-81     **Misconduct Hearing Report:** Assault:     p 665
Found Guilty